[No. 17254. Department One. October 20, 1922.]

DAN DANIELSON *as Administrator etc., Respondent,* v. CARSTENS PACKING COMPANY, *Appellant.*[1]

MUNICIPAL CORPORATIONS (384, 391)—STREETS—NEGLIGENT USE—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY. The negligence of the driver of a vehicle in not complying with the law requiring lights does not preclude recovery for wrongful death in a collision with an auto truck, where it did not contribute in a substantial manner as the proximate cause of the accident.

NEGLIGENCE (23, 41)—IMPUTED NEGLIGENCE—DRIVER OF VEHICLE—INSTRUCTIONS. In a husband's action for the wrongful death of his wife, occupying a seat in a wagon when it was struck by an auto truck, it is not error to give an instruction that the contributory negligence of the driver of the wagon would not be imputed to the deceased, if she exercised ordinary care and prudence, notwithstanding there was no question of imputed negligence in the case, where defendants answer alleged that her death was due to the negligence of the deceased and of other persons with whom she was riding.

MUNICIPAL CORPORATIONS (391)—STREETS—NEGLIGENT USE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. In an action for the death of a person, riding in a wagon without any lights as required by law, the court cannot say, as a matter of law, that riding in the wagon with knowledge that it had no lights would constitute contributory negligence, precluding any recovery, where it was not so dark but that the wagon could be seen without lights, and it was for the jury to say whether the fact contributed as the proximate cause of the accident.

DEATH (37)—EXCESSIVE DAMAGES. A verdict for $4,000 for wrongful death of a wife is not excessive where her life expectancy was over twelve years, and the lowest estimate on the value of her services was $30 per month.

[1]Reported in 210 Pac. 12.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 31, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Stevens & Jack (E. J. Farley,* of counsel), for appellant.

*H. Sylvester Garvin, Ferris & Ferris,* and *M. F. Ryan,* for respondent.

MITCHELL, J.—This action was brought by the administrator of the estate of Mary Rosalia Wistaka, deceased, to recover for the wrongful death of the decedent. The action is for the benefit of the surviving husband and is authorized by ch. 123, p. 495, Laws of 1917 (Rem. Comp. Stat., § 183). The jury returned a verdict in the sum of $4,000 for plaintiff, and from a judgment entered thereon, the defendant has appealed.

The evidence shows substantially the following facts: About half past five o'clock on the afternoon of November 13, Joseph Waki stopped his team of horses, hitched to an open hack or spring wagon, next to and parallel with the curb on the north side of Sprague avenue, which runs east and west, in the city of Spokane, at a point forty feet west of the crossing of Pittsburg street and the avenue, the team facing west, to go into a grocery store on the south side of the avenue to purchase goods. His wife was on the seat with him, while his guests, consisting of Mary Rosalia Wistaka, still another woman, and two children, were seated on the floor of the wagon. On leaving the wagon to cross over to the grocery, he gave the reins to his wife. During his absence the accident happened. It was after dark and there was a light falling of snow and rain. An arc street light was burning over the

street intersection. The stores were lighted on the south side of the avenue; there were residences on the north side. An auto truck belonging to appellant, driven by its employee westward along Sprague avenue at a speed variously estimated at from ten to eighteen miles per hour, ran into the left front wheel of the spring wagon, knocking the occupants of the wagon out and instantly killing Mary Rosalia Wistaka. There were no other vehicles on the street in the vicinity, other than a bicycle whose rider passed along eighty or one hundred feet ahead of the truck. The driver of the truck was accompanied by two persons on the seat with him. Neither the truck nor the wagon was provided with lights as provided by law—the one was supplied with a single, ordinary lantern suspended from the radiator cap, which the driver said would light the way ahead a distance of about ten feet, while the wagon had no light at all.

One companion of the truck driver testified he was resting with his eyes shut and noticed nothing until the collision happened; the other said he paid no attention to the way, that he was not the driver and did not notice the wagon until it was struck; while the driver said it was dark and he could not see the wagon prior to its being hit. On the contrary, there were those traveling, some afoot and one on the bicycle, without lights, who had just passed by the wagon, not so far, however, but that they heard the collision and came back to the scene of it, who testified that the wagon was easily to be seen from a reasonable distance. One of them, a police officer, testified the wagon could be seen from the lighted street intersection. Indeed, he had gone east on the avenue, passing by the wagon, and had reached a point about half a block east of the street intersection at the time of the

accident, and that, on looking back in that direction, he could see both the truck and the spring wagon. This witness immediately went back to the scene of the trouble. He gave other very important testimony as follows: "The tracks (of the truck) were veering from the north car track; it is a double track there, and I am referring to the north rail. It was veering towards the north curb until it hit the hack. It was veering for about sixty feet, I should judge, possibly eighty." This testimony was highly sufficient to explain to the jury why it was that the truck hit the left front wheel of the wagon first, and at the same time may be taken as an exposition of such an irregular and careless course in driving as to satisfy one of the proximate cause of the injury.

Appellant answered the complaint by denial of any negligence on its part and affirmatively alleged, among other things, as follows: "that the death of the said Mary Rosalia Wistaka, if brought about or caused by the negligent acts of anyone whomsoever, was caused by the negligent acts of said Mary Rosalia Wistaka herself, and of other persons riding in said wagon with said Mary Rosalia Wistaka, and that the negligence on her part and on their part directly contributed to the cause of her death."

There are many assignments of error which are discussed generally on behalf of the appellant; as, first, errors in giving and refusing instructions relative to imputed and contributory negligence; and second, excessiveness of the damages awarded.

There is no question that the driver of the team of horses and the appellant were both negligent in failing to comply with the law requiring lights in the use of vehicles. But negligence on that account, whether direct or imputed, does not necessarily bar

a recovery unless it is shown to have contributed in a substantial manner as the proximate cause of the injury. *Rainier Heat & Power Co. v. Seattle,* 113 Wash. 95, 193 Pac. 233. Hence the evidence in this case as to whether there was any contributory negligence as the proximate cause of the injury was a matter for the jury.

But to be more specific as to the appellant's contention: The court instructed the jury that,

"any negligence on the part of Joseph Waki in equipping said spring wagon or in driving and operating the same, or his said wife whom he left in charge while said spring wagon was parked at the time of the accident, if any such appears, cannot be imputed to Mary Rosalia Wistaka, and the plaintiff is not deprived of his right of action in this case by reason of any negligence, if you find there was any, on the part of the driver of said spring wagon, while the same was parked, and in which wagon the said Mary Rosalia Wistaka was riding, if you find that she, said Mary Rosalia Wistaka, exercised ordinary care and prudence."

It is claimed by appellant no instructions whatever should have been given upon this subject because there was no question of imputed negligence in the case. Abstractly, there seems to be no criticism of the instructions, and otherwise we think it was prudent and necessary in protection of respondent's rights because of the affirmative answer that the death, if caused by the negligent acts of any one, was caused by the negligent acts of the decedent and of other persons with whom she was riding; and further, there was no trespass upon the rights of appellant in the instruction, because it concluded by imposing upon the decedent the standard rule of exercising ordinary care for her own safety.

In the instructions altogether, after advising the jury that "a person is guilty of contributory negligence in one of two ways, the first is where he does something which an ordinarily prudent, careful person would not do under the same circumstances; the other way is where he fails to take such precaution for his own safety as an ordinarily prudent person would take under the same circumstances and conditions," the court time and time again told the jury in words, or effect, "if you find by a preponderance of all of the evidence in this case that Mary Rosalia Wistaka herself was guilty of contributory negligence in any of the ways I have attempted to define them to you, and that such contributory negligence on her part contributed to her injuries and was the proximate cause of her injuries, the verdict should be for the defendant." The appellant requested and was refused an instruction to the effect that if, at the time of the accident, the wagon did not have a light attached, and that the decedent knew, or in the exercise of reasonable care should have known it, and that she occupied a seat in the vehicle while it was standing on the street, "she would be guilty of contributory negligence," and if they believed that such contributory negligence contributed to the cause of such collision, the plaintiff could not recover and their verdict should be for the defendant. That is, the court was asked to declare to the jury that, as a matter of law, if certain facts existed, the defendant would be guilty, not of negligence, but of contributory negligence.

Contributory negligence is of itself such that it proximately and naturally contributes to the cause of the injury, and certainly, under the evidence in this case, must be left to the jury—as it was by all the instructions that were given—and not declared to be such by

the court. The refusal to give the instructions as requested was correct, and the instructions given to which exceptions were taken were proper. A careful examination of the instructions shows that the trial court observed the practical course suggested by this court in the case of *McKenzie v. North Coast Colliery Co.*, 55 Wash. 495, 104 Pac. 801, 28 L. R. A. (N. S.) 1244, by announcing general principles of law applicable to the issue and leaving it to the jury to apply them to the particular facts proven in the case.

The second assignment requires less attention. The verdict and judgment were for $4,000. The services decedent had rendered for years were fully explained to the jury, concerning the value of which competent and worthy testimony variously estimated them at the reasonable value of $30 to $75 per month. The life expectancy of a woman of the age of decedent at the time she was killed is 12.313 years. The award is less than the lowest estimate and will not be disturbed. Judgment affirmed.

PARKER, C. J., TOLMAN, FULLERTON, and BRIDGES, JJ., concur.