Argued February 3, affirmed February 23, rehearing denied April 13, 1926.

# MANUEL PERRY *v.* PICKWICK STAGES OF OREGON.

### (243 Pac. 787.)

**Appeal and Error.**

1. Objections and assignments of error not discussed in appellant's brief are deemed waived.

**Trial—Refusal to "Dismiss Case" for Erroneous Argument of Counsel, Which Jury was Instructed to Disregard, Held not Error.**

2. In passenger's action for injuries, refusal to "dismiss case" because of argument of counsel referring to condition of plaintiff's family, which jury was instructed to disregard, was not error, as requested relief would have barred new trial.

**New Trial—Dismissal is a Bar to Further Prosecution, Except for Nonsuit, and is not to be Granted for Improper Argument Without Ordering a New Trial.**

3. Dismissal of a case is a bar to further prosecution, except as allowed by judgment of nonsuit, and is not to be granted for improper argument of opposing counsel without ordering a new trial.

**Appeal and Error.**

4. Exceptions to be available as assignments of error go only to rulings of court on questions properly presented.

**Appeal and Error.**

5. Exceptions to conduct of opposing counsel present nothing for review, unless ruling of trial judge respecting same is excepted to.

**Damages—Instructions Denying Recovery for Mental Anguish Held Properly Refused, Where No Claim for Such Damages was Made.**

6. Under complaint alleging that plaintiff suffered severe physical and mental shock and permanent disfigurement no claim was made for mental anguish, and instructions that plaintiff could not recover therefor properly refused as academic.

**Damages—Under Complaint Charging Permanent Injury, Issue as to Future Pain and Suffering Held Properly Submitted to Jury.**

7. Complaint charging permanent injury to plaintiff included future pain and suffering, so that issue as to future pain and suffering was properly submitted to the jury.

---

1. See 2 R. C. L. 178.
5. See 2 R. C. L. 92.

**Damages—Requested Instruction That Plaintiff Could Recover Nothing for Inability to Follow Occupation Which He had Followed Properly Refused.**

8. In action for injuries, where evidence showed that plaintiff had been engaged in occupation of ship rigger, requested instruction that plaintiff could not be allowed anything for being unable to follow such occupation was properly refused.

**Carriers—Requested Instruction That Defendant not Liable by Reason of Defective Brakes Held Properly Refused, Where Complaint Alleged That Defendant Knowingly Failed to Provide Adequate Brakes.**

9. Under complaint by passenger alleging that stage company knowingly failed to provide adequate or sufficient brakes it was not error to refuse instruction that defendant could not be held liable for negligence by reason of defective brakes.

**Carriers—Whether Passenger's Failure to Remonstrate With Driver as to Rate of Speed was Contributory Negligence Held a Question for Jury.**

10. Whether passenger in automobile stage was guilty of contributory negligence by reason of failure to caution driver as to speed *held* a question of fact, especially in absence of evidence that remonstrance would have prevented accident, and requested instruction that plaintiff's failure to remonstrate was contributory negligence was properly refused.

**Carriers—Failure of Brakes on Stage to Work is Some Evidence of Fault, and, Together With Inference That Defendant Knew of Defective Brakes, Justified Refusal of Nonsuit.**

11. Where automobile stage had been operated for a considerable time, jury was warranted in believing that stage company could have known of defective brakes, in view of high degree of care required toward passengers, and fact that brakes failed to work was some evidence of fault of defendant, justifying refusal of nonsuit.

---

Appeal and Error, 3 C. J., p. 895, n. 52, p. 910, n. 82.
Carriers, 10 C. J., p. 1060, n. 54, 56, p. 1081, n. 67, p. 1088, n. 91, p. 1089, n. 8, p. 1091, n. 9, p. 1092, n. 10, p. 1159, n. 84.
Dismissal and Nonsuit, 18 C. J., p. 1197, n. 11 New, p. 1207, n. 31.
Trial, 38 Cyc., p. 1501, n. 35, 36, p. 1508, n. 87, p. 1615, n. 21, 22, p. 1623, n. 47, 50, p. 1626, n. 69.

From Josephine: C. M. THOMAS, Judge.

Department 1.

AFFIRMED.   REHEARING DENIED.

---

10.   See 5 R. C. L. 96.

For appellant there was a brief over the names of
Messrs. *Wilbur, Beckett & Howell* and *Mr. J. N. John-
ston,* with an oral argument by *Mr. E. K. Oppen-
heimer.*

For respondent there was a brief over the name of
*Mr. W. T. Miller,* with an oral argument by *Mr. James
T. Chinnock.*

BURNETT, J.—This action was brought by the
plaintiff against the defendant, Pickwick Stages of
Oregon, a corporation and common carrier of pas-
sengers, and Steve M. Thames, its driver, to recover
damages caused to him by the overturning of one of
the stages of the defendant company in which, at the
time, the plaintiff was a passenger. The driver was
eliminated from the proceedings, so that the only
parties before us at this time are the plaintiff and the
defendant corporation.

The complaint charges negligence against the de-
fendant in this language:

"That the said defendant, Pickwick Stages of
Oregon, and its said employee, Steve M. Thames, de-
fendant above named, negligently, carelessly and un-
skillfully operated said automobile stage by driving
the same at an unlawful rate of speed along said high-
way, and in excess of thirty miles per hour; that the
brakes on said automobile were absolutely inadequate
and insufficient to control and stop the same; that the
highway upon which said automobile was then travel-
ing, crosses a hill and curves sharply in several
places, and that said automobile was traveling far in
excess of a rate of speed reasonably safe for travel-
ing on said highway at said point; that said de-
fendant, Steve M. Thames, then and there being, and
acting as an employee of said Pickwick Stages of
Oregon, then and there drove and operated said auto-
mobile in such careless, unskillful and negligent

manner, and well knowing that the brakes upon said automobile were entirely insufficient and inadequate to control the same, and at a rate of speed in excess of the lawful rate, and in excess of a rate of speed reasonably safe for traveling upon said highway at said point, as to cause the said automobile to leave said highway and completely turn over down the side of the hill, thereby throwing the plaintiff above named, therefrom and injuring him as hereinafter set forth; that the said automobile was at the time of leaving said highway aforesaid, traveling on and around a curve on said highway at which point it was not reasonably safe to travel at a rate of speed in excess of 15 miles per hour, notwithstanding, which the said defendants operated and drove the said machine carelessly, recklessly, and in absolute disregard to the safety of their said passenger, plaintiff above named, and others riding in said automobile, at a rate of speed in excess of thirty miles per hour and notwithstanding the fact that said defendant had failed and neglected knowingly and wantonly, carelessly and negligently to provide and supply said automobile with adequate or sufficient brakes.''

As to his injuries the complaint employs this language:

''That the plaintiff above named, by reason of the carelessness and negligence of the defendants as above set forth, and as a result of being thrown from said automobile, was severely and greatly injured, that is to say that the plaintiff suffered and received broken ribs, his back was strained, and he received internal injuries; that he suffered severe physical and mental shock, and great shock and injury to his nervous system, and that his nose was broken, thereby permanently disfiguring said plaintiff, and plaintiff believes and avers that he was permanently injured, and that he will be unable to follow his occupation whereby he earns his living, to-wit: that of a ship rigger; and as a result thereof, this plaintiff has been greatly damaged to-wit: in the sum of Twelve Thou-

sand Dollars ($12,000), no part of which has been paid.''

The defendant admits that it is a corporation engaged in the business of carrying persons for hire by means of automobiles which it operates as a stage line along the Pacific Highway in the State of Oregon. It admits also that the plaintiff was a passenger at the time mentioned in the complaint, but otherwise denies that pleading entirely. The defendant alleges that the mishap referred to in the complaint was a pure accident, occurring without the fault or negligence of either of the defendants, and could not have been prevented. This in turn was traversed by the reply. A jury trial resulted in a verdict and judgment for the plaintiff, and the defendant, Pickwick Stages of Oregon, has appealed.

1. Deeming all other objections and assignments of error waived, we consider only those discussed in the defendant's brief. See *Carty* v. *McMenamin,* 108 Or. 489 (216 Pac. 228), cited with approval in *State ex rel.* v. *Elliott,* 113 Or. 632 (233 Pac. 867). Complaint is made that counsel for the plaintiff was guilty of improper argument to the jury and that the court erred in refusing to dismiss the jury. In his address to the jury, the plaintiff's counsel had referred a number of times to the fact that the plaintiff had a wife and family and finally said substantially that they might be reduced to poverty and crime by reason of the fact of his not having sufficient food and clothing for them. The following then occurred: The counsel for defendant said:

''I object to counsel's statement to the jury and move for a dismissal of the case because of counsel's statement to the jury.''

Each time the defendant had objected to such allusions by plaintiff's counsel, the court had sustained the objection and instructed the jury to disregard the statements. In answer to the objection just quoted the court said:

"Yes, I will say to the jury that any remarks in connection with the family, the objection is sustained. The case must not be decided upon the question of sympathy,"

and directed counsel for plaintiff to proceed. Whereupon the counsel for the defendant said:

"We ask an exception to the remarks of counsel and to the refusal to dismiss the jury."

2–5. To dismiss a case is to bar further prosecution, except as allowed by a judgment of nonsuit. The defendant had no right to such a result merely on account of the opposing counsel's transgression of the rules as above described. Possibly, if in the judgment of the trial court the conduct of the plaintiff's counsel was flagrant the jury might have been dismissed and a new trial ordered. That, however, was not the relief called for by the defendant counsel. It is one thing to dismiss the case, thus rendering final judgment, and quite another only to dismiss the jury, leaving the case to be tried again. Exceptions to be available as assignments of error go only to the rulings of the court upon questions properly presented. Exceptions to the conduct of opposing counsel count as nothing unless the ruling of the trial judge respecting them is excepted to. We are concerned only with the errors of the trial court and even with those only to which proper exception is made. The whole attitude of the court, as disclosed by the record, including the instructions to the jury, was that the possession of a family by the plaintiff had

nothing to do with the case. So far as challenged by the statements of the defendant's counsel there was no error in the action of the court in that respect. *Maynard* v. *Oregon R. R. Co.*, 46 Or. 15 (78 Pac. 983, 68 L. R. A. 477), *Zimmerle* v. *Childers*, 67 Or. 465 (136 Pac. 349), and *Graham* v. *Corvallis & E. R. Co.*, 71 Or. 477 (142 Pac. 774), are cases where the trial court improperly overruled objections of counsel to the conduct of opposing attorneys before the jury. In the instant case all the rulings of the court called for by the objections of the defendant's counsel were favorable to the defendant, thus distinguishing it from the precedents cited.

6. The defendant insists also that the court was in error on the subject of mental suffering and anguish of mind arising from disfigurement or the contemplation thereof to the person of the plaintiff. In the assignments of error this question is presented by the refusal of the court to give the two following instructions requested by the defendant:

"I instruct you that plaintiff cannot recover for any anguish of mind arising from or the contemplation of a disfigurement of his person."

"I instruct you that plaintiff cannot recover for any mental anguish or distress as is not the natural result of the accident but is produced by the operation of the mind in the contemplation of the physical condition of the injured party."

As we read the allegations of the complaint there is no claim for damages for anything of this sort as embodied in these instructions; hence a direction upon that subject in the language of the two requests would be academic and consequently error. The complaint is

"that he suffered severe physical and mental shock, and great shock and injury to his nervous system, and

that his nose was broken, thereby permanently disfiguring said plaintiff,''

and it was further said that he was permanently injured.   In *Maynard* v. *Oregon R. R. Co.*, 46 Or. 15 (78 Pac. 983, 68 L. R. A. 477), Mr. Justice Wolverton wrote:

"It is undoubtedly true that one suffering from injuries to his person, due to the negligence of another, may recover for mental distress and anguish resulting from the same cause''; citing numerous precedents.

In that case the court refused to allow a recovery for the mental distress of the plaintiff on account of the reflection that he was unable thereafter to provide properly for the maintenance and education of his minor daughter.   The reason for that ruling was that such mental suffering was not the direct consequence of the tort committed by the defendant.   No such claim is made in the present case, hence it was improper to instruct the jury on that point according to the quoted requests of the defendant.

7. Again, the defendant complains that it was error to allow a consideration of the future pain and suffering of the plaintiff.   It was charged in the complaint that the plaintiff was permanently injured, which *ex vi termini* includes future pain and suffering.   It was a legitimate issue in the case and properly submitted to the jury.

8. It is argued in the brief that the plaintiff's testimony shows that his occupation is not that of a ship rigger, and hence that the court erred in refusing this instruction:

"I instruct you that if you should come to the question of damages, you cannot allow plaintiff anything for being unable to follow the occupation of ship rigger.''

The testimony disclosed that the plaintiff had been engaged in that occupation for almost two years. He evidently had some knowledge of that calling and was enabled thereby to earn something towards making his living in that way. To deprive him of that would be a damage, although he might be able to earn some money by doing something else more or less laborious. It would damage a man to deprive him of any one of numerous occupations in which he had ability to engage.

9. Error is assigned also on the refusal of the court to charge the jury thus:

"I instruct you that the defendant cannot be held liable for any negligence by reason of defective brakes because there is no allegation in the complaint that the defendant corporation or its officers had any knowledge of the defects of the automobile in question or by the exercise of reasonable care could have or should have known of such defects, if any."

The criticism about withholding this instruction to the jury, contemplated as a matter of pleading, is answered by a reference to the complaint where it says that the defendant operated the car carelessly, recklessly and in absolute disregard to the safety of their said passenger, plaintiff above named, and others riding in said automobile, at a rate of speed in excess of thirty miles per hour,

"notwithstanding the fact that said defendant had failed and neglected knowingly and wantonly, carelessly and negligently to provide and supply said automobile with adequate or sufficient brakes."

10. Again, the defendant contends that the court should have said to the jury:

"I instruct you that if plaintiff knew that the defendant, through its driver, Steve Thames, was operating the automobile in question in which he was

riding, at a dangerous and reckless or excessive rate of speed it was plaintiff's duty to remonstrate with the driver of the automobile and if he failed to do so, would be guilty of contributory negligence and cannot recover in this case."

There is no plea of contributory negligence as a defense. The only evidence on the point is that the plaintiff sat behind the driver of the car and noticed that several times during the course of the afternoon, in the journey from Roseburg to the place of the accident, some fifty-odd miles, the speedometer indicated a speed greater than thirty miles per hour, and said nothing to the driver about it. If we could say, as a matter of law, that the plaintiff's silence was negligence *per se* contributing to the injury of the plaintiff, we might entertain the instruction requested, but as taught in *White* v. *Portland Gas & Coke Co.,* 84 Or. 643 (165 Pac. 1005), such a question is one of fact and depends entirely upon the circumstances of the case. It must be decided by the jurors. It is a case where different men, all reasonable in their dispositions, might arrive at different conclusions. We cannot see from the record that a remonstrance by the plaintiff about the rate of speed would have prevented the accident or had any effect upon the driver, who was shown to be one of much experience in operating motor cars.

11. The final contention in the brief is that the motion for nonsuit should have been granted for the following reasons:

"First: That the plaintiff was guilty of contributory negligence;

"Second: That the defendant had no knowledge of the defective condition of the brake or by the exercise of reasonable care, could have known, and

"Third: That there is no evidence in the record showing negligence on the part of the defendant."

What has been said is largely decisive of this question against the defendant. The vehicle had been operated by the defendant for a considerable time and was in its custody, and the jury had a right to believe from all that was said that it could have known of the defect in the mechanism of the brakes. The high degree of care required of common carriers of passengers is violated by what sometimes may appear to be slight negligence. The fact that the brakes gave way and failed to work in a critical situation is some evidence that there was fault on the part of the defendant.

In view of our determination of the case on the merits, it is not necessary to consider several motions and much contention affecting the form, contents and authentication of the bill of exceptions.

On the errors presented in the brief there was no fault in the ruling of the court and the judgment must be affirmed.    AFFIRMED.    REHEARING DENIED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.