[No. 21287.   Department One.   November 22, 1928.]

OLE MATTSON *et al., Respondents,* v. LOUIS S. CRAGIN, *et al., Appellants.*[1]

[1]Reported in 272 Pac. 36.

*Reynolds, Ballinger & Hutson,* for appellants.

*William A. Gilmore* and *Leo W. Stewart,* for respondents.

TOLMAN, J.—Respondents, as plaintiffs, sued to recover for personal injury sustained by the plaintiff wife as a result of being struck by an automobile owned by the defendants Louis S. Cragin and wife and operated at the time of the accident by their son, the defendant Truman Cragin. The case was tried to a jury, which rendered a verdict in favor of the plaintiffs for seven thousand five hundred dollars, and from a judgment on the verdict the defendants have appealed.

The errors assigned, in the main, relate to the refusal of the trial court, on motion, to withdraw from the consideration of the jury certain charges of negligence, and the refusal to give to the jury certain requested instructions which would have had the same effect.

To understand and discuss these questions, certain of the facts must be clearly stated. The accident happened on the Lake Washington Boulevard, which runs along the easterly side of Lake Washington, in King county, in a general northerly and southerly direction. The boulevard is paved with concrete twenty feet in width, with a dirt shoulder on each side four or five feet in width, and abounds in curves.

At or near the place of the accident, a graveled road, known as State Highway No. 85, enters or intersects

the boulevard on its easterly side and, because of travel turning in each direction therefrom, the mouth of this road is widened out fan shape to a width of about one hundred fifty feet. The boulevard is fairly straight for a distance of about six hundred feet south from the northernmost point of the intersection, and for two hundred seventy feet north from that point. It seems to be conceded that by reason of the banks, trees and brush, one traveling northerly on the boulevard cannot see up the gravel road for a distance of three hundred feet until he reaches the intersection itself.

Respondents alleged, and their evidence tended to show, that about ten-thirty o'clock on the night in question they were riding with a friend in his automobile northerly along the boulevard and, coming to this intersection, drove off the pavement and up the road a distance of perhaps one hundred feet and there stopped. All alighted from the car. The husband went away about his own affairs, the driver stepped to the rear of his car for the purpose of there making some examination of its condition, and Mrs. Mattson, deciding not to wait for the men, informed the driver that she would walk on until they should overtake her. She walked down the graveled road to about the northerly point of the intersection, where, she says, knowing that she should walk on a highway so as to face oncoming traffic, she started to cross the boulevard for the purpose of walking on the left side of it. Three several times, she says, she started across the boulevard, but, because of approaching automobiles, each time she stepped back on to the dirt shoulder and after so stepping back on the grass the third time, and while still standing there, she testifies that she heard a roaring noise, just saw a light on a car and was hit in the back by appellant's automobile. She testified quite positively that she was some distance clear of the

paved roadway, and on the dirt shoulder, when struck. The friend, in whose car Mrs. Mattson had been riding, testified that, from his position at the rear of his own car, he saw the appellant's car, as it came into view abreast of the intersection, traveling at a great rate of speed close to fifty miles per hour; heard the wheels scraping on the gravel, as though the right wheels must be off the pavement and on the gravel; heard the scream given by Mrs. Mattson when she was struck, and ran to her assistance, finding her lying, head on the pavement and body on the dirt shoulder, at a point seventy feet beyond the point where she claims she was struck. There was also other evidence from which the jury might infer that Mrs. Mattson was dragged by the automobile, which struck her, something like the distance claimed.

Of course appellants, by their evidence, gave a very different version of the affair, and the jury might have found, as was contended, that Mrs. Mattson was walking northerly on the right hand side of the paved boulevard, some distance beyond the intersection, at about the point where she was found after the accident, and well within the proper path of automobiles going in the same direction; that the driver of appellants' car could not see her because blinded by the lights of approaching cars until almost upon her; and then, though traveling at a moderate and lawful rate of speed, he could not possibly stop in time to avoid the accident.

The complaint alleges negligence in failing to observe the law as to speed at blind curves and blind intersections, and the court, in instructions excepted to, gave to the jury the statutory law in that respect. Appellants' main contention is based upon the supposition that the speed at which appellants' car was operating had no causal effect, and that these laws

were not made for the benefit of one situated as was Mrs. Mattson. We think the facts as stated answer this contention. If the jury believed, as the verdict evidences, that Mrs. Mattson was struck while at the intersection, intending to cross, standing on the dirt shoulder, well off of the pavement, and that appellants' car traveled for some distance in part upon the dirt before the impact, they might very well have been influenced in reaching that decision by the thought that one traveling at a high rate of speed is more likely to leave the proper path by reason of such speed, and is less likely to observe a pedestrian in a place of danger, than would be the case if he were traveling within the lawful limit. Of course the situation is further aggravated by the fact, if such it be, that Mrs. Mattson was at a place where an approaching driver was bound to anticipate pedestrians or vehicles might be entering with perfect right to take their proper position in the line of travel. The statute law seems to be for the benefit of anyone entering from a cross-road, whether walking or driving. The court may not, as a matter of law, withdraw from the jury any fact from which a reasonable and proper inference, material to the issues, may be drawn, and there was no error in the rulings complained of.

The failure to withdraw the charge of traveling with insufficient lights is not very seriously urged as error. Clearly if Mrs. Mattson, when struck, was on the dirt shoulder, standing well without the paved and traveled roadway and making no immediate attempt to cross, any absence of light would have had no effect upon her actions, but if she were so standing and appellants' car was approaching on the dirt and so as to endanger her safety, it was still the duty of the driver to observe her position and avoid striking her. The condition of his head lights might affect his ability

to perform that duty. True, there was no direct evidence that the lights were insufficient, but under all of the circumstances shown we can hardly be justified in saying that the charge should have been withdrawn. After reading all of the evidence, we are convinced that even if this charge of negligence had been withdrawn from the jury the result would have been the same, and we can find nothing prejudicial in the trial court's ruling.

An instruction was given, in part, as follows:

"You are instructed that, under the laws of the state of Washington, the owners of an automobile purchased and maintained for the use of their family are liable to third persons for injuries sustained by them when said automobile is used by any member of the family, *or any other person, with the consent of the owners, expressed or implied,* when said automobile is used in a careless and reckless manner and said carelessness and recklessness is the direct and proximate cause of the third person's injuries;"

The words italicized are objected to, and of course if unqualified they state a rule too broad for general application, as illustrated by our cases of *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165, and *Anning v. Rothschild & Co.,* 130 Wash. 232, 226 Pac. 1013. Respondents proceeded upon the theory that young Cragin was the driver of the car, but at one time that had been denied by answer and there was apparently reason to fear that proof might be offered to the effect that his friend and companion, young Gidner, was actually driving when the accident occurred. The instruction was probably prepared in advance to meet either situation. It cannot, however, have misled the jury, because the evidence shows that Gidner occupied practically the same relation to the elder Cragins with reference to the use of the car as did their son, and either, under the facts shown, could well be found to

be the servant or agent of the community composed of the elder Cragins, for the purpose of operating the car.

■ There was some evidence that both of the respondents were intoxicated. Mr. Mattson's intoxication was admitted, but that Mrs. Mattson was at all under the influence of liquor or had been drinking was strenuously and forcibly denied. The court instructed:

"Defendant claims that at the time of the accident under consideration the plaintiff was intoxicated. The mere fact of intoxication, if you should find from a preponderance of the evidence that the plaintiff was intoxicated, would not of itself absolve the defendants from liability on their plea of contributory negligence. There must be some negligence on the part of the plaintiff materially contributing to the accident, in order to avoid liability on this plea. An intoxicated person may or may not be negligent, but if you should find from a preponderance of the evidence that the plaintiff was intoxicated at the time of the accident, then that would be a circumstance for you to consider in determining whether or not she was negligent."

Appellants requested an instruction to the effect that for a pedestrian to travel on the highway while intoxicated would of itself be negligence and if that negligence contributed to the injury the plaintiff could not recover. Perhaps appellants' requested instruction would more forcefully bring to the attention of the jury their theory of the case, yet in law each instruction means the same identical thing so far as this case is concerned. Under the circumstances, we do not feel called upon to decide, as an academic question, whether or not, as a matter of law, the single fact of traveling on a public highway in an intoxicated condition constitutes negligence.

■ The court's instructions on contributory negligence are criticised because the words "in a substantial manner" are included in the saving clauses of several instructions as

". . . and that all or any of said acts were the direct and proximate cause of the plaintiff's injuries and her presence on the right-hand side of said highway did not contribute in a substantial manner as the proximate cause of her injuries, then the plaintiffs are entitled to recover for Mary Mattson's injuries, if any she sustained, against all of the defendants."

This court seems to have approved the use of the words "a substantial manner" by itself so using them in *Danielson v. Carstens Packing Co.*, 121 Wash. 645, 210 Pac. 12; and it has held a like use of the word "materially" not prejudicially erroneous in *Hansen v. Sandvik*, 128 Wash. 60, 222 Pac. 605. Perhaps, as there said, we should repeat "yet the instruction is not to be commended and it would be better to give the more conventional one."

Lastly, it is urged that there was misconduct of counsel in addressing the jury. On objection being interposed, the court instructed the jury to disregard the remarks which were challenged, and we think they were of a character to be properly so treated. Considerable space would be required to quote the language used and give sufficient of the setting to make the situation and possible effect clear. In view of our already extended discussion and the unlikelihood of a similar case arising, we shall treat of it no further.

The judgment is affirmed.

FULLERTON, C. J., MITCHELL, HOLCOMB, and BEALS, JJ., concur.