Argued March 12; affirmed November 12, 1930

## BURNS *v.* COAST AUTO LINES
### (292 P. 1038)

*Hall S. Lusk* of Portland (Fred S. Bynon, Sr., of North Bend, and Emmons, Lusk & Bynon of Portland on the brief) for appellant.

*Walter C. Winslow* of Salem (Claude H. Giles of Marshfield on the brief) for respondent.

BEAN, J. The defendant assigns that the circuit court erred in refusing to give the following instruction for which timely request was made by defendant:

"I instruct you that a passenger in an automobile must act as a reasonably prudent person under the circumstances in looking out for his own safety. If a passenger in an automobile knows, or reasonably ought to know, that the vehicle is being driven faster than is permitted by law, and if, realizing the situation, he fails to make any protest or to give any warning to the driver in thus operating such automobile in violation of law, then the passenger adopts the negligence of the driver as his own, and if the negligence of the driver contributed to the accident and the passenger is killed, his estate cannot recover for his death."

Defendant also reserved an exception for failure of the court to give the following requested instruction:

"So, likewise, if a passenger in an automobile knows that the vehicle is being driven on the wrong side of the road, or that the driver is not keeping such automobile under proper control, and if, realizing the situation, he fails to make any protest or give any warning to the driver in thus operating such vehicle in violation of law, then the passenger adopts the negligence of the driver as his own, and if the negligence of the driver contributed to the accident and the passenger is killed, his estate cannot recover for his death."

■■ In lieu of the instructions set out above the court charged the jury upon the points therein involved, as follows:

"A passenger is bound to exercise such care for his own safety as would be exercised by a reasonable man under the circumstances; that if he had a reasonable opportunity to learn of danger and to avoid it, it would be his duty to perform such act of remonstrance or control, if any, as a reasonably prudent man would exercise under the circumstances, one of the circumstances being that such reasonably prudent man was a passenger and not the driver, and if Burns failed so to act and if such failure proximately contributed to the injury, he could not recover."

The defendant claimed that the driver of the Studebaker automobile was running at an excessive rate of speed and that plaintiff's decedent failed to caution or protest to the driver.

Since the briefs in the present case were printed, an opinion in the case of *Ramsdell v. Frederick,* 132 Or. 161 (285 P. 219), was rendered by this court, which opinion plainly prescribes the instructions to a jury as to the duty of a passenger riding in an automobile. In an opinion by the late Mr. Justice McBRIDE, it was held as follows: "We think it is a question of fact for a jury, as to whether the failure to remonstrate, under a particular set of circumstances, is negligence as a matter of fact." The instruction in the latter case was, in substance, like the one given by the learned circuit judge in the instant case. See also *Perry v. Pickwick Stages of Oregon,* 117 Or. 598 (243 P. 787); *Casto v. Hansen,* 123 Or. 20 (261 P. 428); *Red Top Taxi Co. v. Cooper,* 123 Or. 610 (263 P. 64).

Finding no error of the court, the judgment of the circuit court is affirmed.

COSHOW, C. J., BROWN and BELT, J.J., concur.