Argued January 13; affirmed April 5, 1932

## MITCHELL *v.* BRUENING

(9 P. (2d) 811)

*James L. Conley,* of Portland (A. G. Fletcher and Calvin N. Souther, both of Portland, on the brief), for appellant.

*Nicholas Jaureguy,* of Portland (Jaureguy & Tooze and Lon Bass, all of Portland, on the brief), for respondent.

BROWN, J. The defendant assigns error of the court in denying her motions for a nonsuit and directed verdict predicated upon the ground that plaintiff's evidence showed contributory negligence on the part of plaintiff's decedent which contributed to and was the proximate cause of the accident.

The only living witnesses to the accident are the plaintiff and the defendant.

The record discloses that the road over which the defendant was driving her car at the time of the acci-

dent was rough, in that more or less gravel had been used in its construction, and that the shoulders were loose gravel; that, on the right of the roadway in the immediate vicinity of the accident were overhanging rock ledges and a drain ditch, and, on the left, a precipitous drop; that there were likewise sharp curves and obstructions to the view ahead, and at the point of the accident there was a considerable down grade on a curve.

The plaintiff testified that from the town of Aeriel to the place of the accident, which was a little less than a mile, the defendant had driven forty to fifty miles per hour, and that, when they had reached a point about 300 feet from the place where the accident happened, the car swerved and plaintiff's decedent made the statement that they were "going altogether too fast"; that the plaintiff, who was seated in the front seat beside the defendant, told her that "Your car runs like a scared hound." As to what then took place, he further testified:

"About that time, I just got the words out of my mouth when the car caught in here (indicating on diagram), and the next thing that loomed up in front of me was these rocks, and as the car swerved to cross the road mother put both arms—she was sitting in the back seat and she put both arms around my neck and she said, 'My God, Bill, we are gone.' And that is the last thing I know.

\* \* \* \* \*

"Q. (Cross Examination) Did your wife make any other statement besides the one you mentioned? A. Nothing, only the time she put her arm around my neck and said: 'My God, Bill, we are gone.' \* \* \* That was as the car went over the bluff."

Are the facts so plain and clear that the court can declare, as a matter of law, that Alice P. Mitchell was guilty of contributory negligence?

In *Saylor v. Enterprise Electric Co.*, 110 Or. 231, 255 (222 P. 304, 223 P. 725), we quoted with approval from the case of *Strang v. Oregon-Washington R. & N. Co.*, 83 Or. 644 (163 P. 1181), where Mr. Justice BURNETT, in discussing the defense of the alleged contributory negligence of the plaintiff, said:

"The standard by which diligence or negligence is to be judged is the conduct of a reasonably prudent man under the conditions disclosed by the evidence, and the court is not justified in directing a nonsuit unless no reasonable conclusion can be drawn from the evidence except that the plaintiff was remiss in his duty under the circumstances. Ordinarily and almost uniformly this is a question of fact for the jury. * * * It was for the jury to determine whether Strang acted as a reasonably prudent man would in such a juncture."

In the case of *Sharp v. Sproat,* 111 Kan. 735 (208 P. 613, 26 A. L. R. 1421), which involved the question of contributory negligence of a guest in an automobile, it was held that—

"Whether there was time and opportunity for one riding in a back seat of an automobile to observe the danger and remonstrate with the driver or to take other precautions to avoid the danger was a question of fact for the jury to determine after the court had given instructions as to the duty of a guest to exercise reasonable prudence for his own protection."

In *Danielson v. Carstens Packing Co.*, 121 Wash. 645 (210 P. 12), the court was required to determine the question as to whether or not contributory negligence constituted a bar to recovery when not the proximate cause of the injury. In delivering its opinion in that case the court said, among other things:

"There is no question that the driver of the team of horses and the appellant were both negligent in failing to comply with the law requiring lights in the

use of vehicles. But negligence on that account, whether direct or imputed, does not necessarily bar a recovery unless it is shown to have contributed in a substantial manner as the proximate cause of the injury [citing authorities]. Hence the evidence in this case as to whether there was any contributory negligence as the proximate cause of the injury was a matter for the jury.''

We also direct attention to the case of *Campion v. Eakle*, 79 Col. 320 (246 P. 280, 47 A. L. R. 289), where the court held that the negligene of the driver of an automobile cannot be imputed to a guest, and that a guest in an automobile is under no duty to keep a lookout for impending dangers. In determining the issue, the court there said:

''The rule announced in this jurisdiction, and here adhered to, is that authority and control over, and responsibility for the management of, an automobile while being driven must rest upon the driver, and not upon the guest: St. Mary's et al. v. Solomon, 77 Col. 463, 238 P. 22; Hedges v. Mitchell, 69 Col. 285, 289, 194 P. 620.

''In the latter cases Mr. Justice Burke said: 'But a duty to give such advice (advice to the driver as to his route, travel, speed, etc.) implies a duty to heed it, and the rear seat driver is responsible for enough accidents as the score stands without the aid of judicial precedent. The place for a passenger who knows better than the driver of a car when, where, and how it should be operated is at the wheel.' If one riding as a guest in the car of another were required to look out for danger and warn the driver, a most uncomfortable and harassing position would be created for the driver of a car who happened to have four or five passengers as guests; and it might well be that, if an accident happened, it could be charged to the negligence of the guests in distracting the attention of the driver as he approached or crossed every street intersection.''

To like effect, see *Sanderson v. Hartford Eastern Ry. Co.,* 159 Wash. 472 (294 P. 241).

Another interesting Washington case involving the right of a guest to recover for personal injuries sustained in an automobile accident is *Brainerd v. Stearns,* 155 Wash. 364 (284 P. 348). In that case the car was being driven by a competent driver, but was traveling at a high rate of speed, and the owner, who was sitting beside the driver, grasped the wheel in an effort to right the car when it swerved. In passing upon the alleged gross negligence of the defendant, the Supreme Court of Washington said:

"The appellant knew, or to him is imputed the knowledge, that the probable consequence of this conduct would be to cause an accident. Such disregard of consequences warranted the jury in finding the appellant guilty of gross negligence. To remove the hands from the steering wheel leaves the car without guidance. If two drivers attempt to drive the same car, can it be said that the car is being guided? Until one or the other of the contestants wrests control of the wheel from the other, the course of the car will be erratic. That the rear seat driver is an irritant, all automobile drivers will admit."

In *Bauer v. Tougaw,* 128 Wash. 654 (224 P. 20), the court held that negligence can be imputed to a passenger in an automobile only when his relation to the driver is such that he could have exercised some authority or control over the driver with reference to the matter wherein the latter was negligent.

In the case of *Burns v. Coast Auto Lines,* 134 Or. 180 (292 P. 1038), Mr. Justice BEAN, writing the opinion for the court, said:

"In an opinion by the late Mr. Justice McBRIDE it was held as follows: 'We think it a question of fact

for a jury, as to whether the failure to remonstrate, under a particular set of circumstances, is negligence as a matter of fact.' [*Ramsdell v. Frederick,* 132 Or. 161 (285 P. 219)]."

In support of the holding in the Burns case the court cites *Perry v. Pickwick Stages of Oregon,* 117 Or. 598 (243 P. 787), where Mr. Justice BURNETT, speaking for the court, said:

"There is no plea of contributory negligence as a defense. The only evidence on the point is that the plaintiff sat behind the driver of the car and noticed that several times during the course of the afternoon, in the journey from Roseburg to the place of the accident, some fifty-odd miles, the speedometer indicated a speed greater than thirty miles per hour, and said nothing to the driver about it. If we could say, as a matter of law, that the plaintiff's silence was negligence *per se* contributing to the injury of the plaintiff, we might entertain the instruction requested, but, as taught in *White v. Portland Gas & Coke Company,* 84 Or. 643, 165 P. 1005, such a question is one of fact and depends entirely upon the circumstances of the case. It must be decided by the jurors. It is a case where different men, all reasonable in their dispositions, might arrive at different conclusions. We cannot see from the record that a remonstrance by the plaintiff about the rate of speed would have prevented the accident or had any effect upon the driver."

See, also, illuminating article by Benjamin N. Cardozo, now Justice of the Supreme Court of the United States, entitled "A Ministry of Justice," appearing in 35 Harvard Law Review, at page 115, wherein the eminent jurist treats of the problem of the "back-seat driver" of an automobile.

It is our opinion that the motions for a nonsuit and directed verdict in the case before us were properly denied by the trial court.

The record indicates that the appellant's third assignment of error has been abandoned. Hence we do not discuss the same.

■ By her fourth assignment, appellant states that the court erred in overruling her motion for a new trial predicated on misconduct of the jury. This motion was based upon affidavit made by the attorney for defendant, which sets out misconduct of two of the jurors arising out of alleged improper questions in connection with the evidence, all of which seems to have been in the presence of the affiant. The affidavit asserts:

"That defendant did not learn of the latter misconduct until after the completion of the trial and the rendition of the verdict and entry of the judgment in said action."

This is of no avail. The attorney for defendant, knowing of the alleged misconduct, ought to have taken the proper steps immediately upon learning of the delinquency of the jurors named in his affidavit. See *Hooton v. Jarman Chevrolet Co.,* 135 Or. 269 (293 P. 604, 296 P. 36), 2 Thompson on Trials (2d Ed.), p. 2025.

We have examined all alleged errors and find no valid reason for reversing this cause. We therefore direct its affirmance.

BEAN, C. J., BELT and ROSSMAN, JJ., concur.