Hussey v. Allen.

CHRISTOPHER HUSSEY *vs.* JAMES P. ALLEN.

*Waiver.*

Upon cross-examination of the defendant it appeared, that he, being in attendance upon the court as a juror as well as a party, conversed with several of his associates in relation to his case, prior to its coming on for trial. The plaintiff did not then choose to insist upon the objection, but went on and closed the trial, when a verdict was found against him. *Held,* that the objection was waived.

ON MOTION.

WALTON, J. All attempts to influence jurors by private conversation with them are so reprehensible, that we should unhesitatingly grant a new trial in this case if we were not obliged to consider the objection as waived.

It seems that the defendant, who was in attendance upon the court, not only as a party, but also as a juror, took occasion to talk with several of his associates in relation to his case in advance of the trial; but this fact came out during the trial, on cross-examination of the defendant himself. As the plaintiff did not then choose to insist upon the objection, and to have those jurors set aside, and a new jury impanneled to try the case; but on the contrary went on and closed the trial, and took his chance of obtaining a verdict in his favor, we think the objection must be regarded as waived, and that it now comes too late.

But the plaintiff also insists that the verdict is so clearly wrong, that we ought to set it aside and grant him a new trial for that reason. We think not. The question (involving as it did a right of way over the plaintiff's land by adverse user) was a very diffi-

cult one to try; and we are by no means satisfied that the verdict is so clearly wrong, as to justify the court in setting it aside.

*Motion overruled.*

*Judgment on the verdict.*

APPLETON, C. J.; KENT, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.

*Asa Low*, for the plaintiff.

*I. S. Kimball*, for the defendant.