## MARIA ROWE *vs.* PATRICK CANNEY.

Suffolk.  Jan. 19. — Feb. 28, 1885.  FIELD, DEVENS, & COLBURN, JJ., absent.

If A. sends a message by B. to C., the conversation between B. and C., not within the scope of B.'s limited agency, is incompetent, in an action by A. against C.

Upon the hearing of a motion for a new trial, the testimony of one juror is not admissible to show misconduct of another juror during the trial of the case, whether the misconduct is in or out of the jury-room.

Soon after the trial of an action began, one of the jurors asked a friend of the defendant " why the defendant had not settled the case, and not allowed the same to come into court." The defendant was informed of this on the same day it occurred. The trial continued two days thereafter, and resulted in a verdict for the plaintiff. *Held,* that the defendant had waived his right to rely upon the conduct of the juror as ground for a new trial.

CONTRACT for breach of a promise of marriage. At the trial in the Superior Court, before *Blodgett*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*N. B. Bryant*, for the defendant.

*D. F. Crane*, for the plaintiff.

MORTON, C. J.    The defendant's exceptions cannot be sustained.

1. The testimony of the witness Aldrich was rightly excluded. The fact that the plaintiff sent a message by Aldrich to the defendant did not make him her agent for any other purpose than to deliver the message.    The conversation between him and the defendant, not within the scope of this limited agency, was incompetent.    The question put by the defendant called for such conversation, and was rightly excluded.

2. Upon the hearing on the motion for a new trial, the Superior Court rightly ruled that the testimony of one juror was not admissible to show misconduct of another juror.    As is stated by Chief Justice Shaw in *Chadbourn* v. *Franklin*, 5 Gray, 312, " the modern practice has been uniform, not to entertain a motion to set aside a verdict on the ground of error, mistake, irregularity, or misconduct of the jury, or any of them, on the testimony of one or more jurors ; and it rests, we think, on sound considerations of public policy."

The same considerations of public policy protect the communications of jurors with each other, whether in or out of the jury-room, during the pendency of the case on hearing before them ; and the testimony of the juror Wise, offered by the defendant, was therefore incompetent.

3. It appeared that one of the jurors, soon after the trial was commenced, asked a friend of the defendant " why the defendant had not settled the case, and not allowed the same to come into court."    The defendant was informed of this on the same day it occurred.    The trial continued two days thereafter.    The question by the juror had no tendency to show bias against the defendant, and whether it would be a sufficient ground for setting aside the verdict, if the defendant had proceeded through the trial without a knowledge of it, we need not consider.    Having knowledge of it, his duty was to bring it to

the attention of the court at once, if he intended, on account of it, to object to the juror. He could not fairly lie by and take his chance of a favorable verdict, and then, if it was unsatisfactory to him, bring forward his objection. By consenting to go on, he consented to abide the result, and waived his right of objecting to the juror. *Hallock* v. *Franklin*, 2 Met. 558.

*Exceptions overruled.*