## WHITENACK v. PHILADELPHIA & R. R. CO.

### (Circuit Court, D. New Jersey. September 26, 1893.)

1. PLEADING—GENERAL DEMURRER TO SEVERAL PLEAS.
   A general demurrer which is filed to several pleas must be overruled if any one of the pleas is good.

2. NUISANCE—PLEADING—LIMITATION OF ACTIONS.
   In an action at law in a federal court in New Jersey for the maintenance of a nuisance, a plea of the state statute limiting actions for nuisance to a period of six years is good, it being necessary to plead the statute in order to limit the recovery to that time.

3. SAME—WHEN ACTION LIES.
   An action at law for a private nuisance may be maintained against a person who actively maintains a nuisance originally erected by another, even though defendant has never been notified to abate the same.

At Law. Action by Agnes Whitenack against the Philadelphia & Reading Railroad Company to recover damages for the maintenance of a nuisance. On demurrer to the pleas. Demurrer overruled.

H. M. T. Beekman, for the demurrer.
John R. Emery and S. H. Grey, opposed.

GREEN, District Judge. The declaration in this cause, as amended, charges the defendant with having contributed to the maintenance of a certain embankment, piers, and bridge, which its lessors had wrongly built, constructed, and maintained across the Raritan river, near the lands of the plaintiff, which caused the waters of the Raritan to be backed upon the plaintiff's land, and inflict great damage there. To this declaration the defendant filed three pleas: First, the plea of general issue; second, the plea of the statute of limitation; and, third, that the defendant had had no notice from the plaintiff to abate the nuisance, although it was not the erector of the embankment, but simply the lessee thereof. To the last two pleas the plaintiff filed a general demurrer. It is well settled by the law of pleading that if but a single demurrer is filed to a declaration containing several counts, if any count be deemed good, judgment must be given against the demurrant; and so, if the defendant plead several pleas, all of which are demurred to, judgment must be given for the defendant, if either of the pleas be good. 1 Chit. Pl. p. *665, note 3. This principle is recognized in this state in the case of Hudson v. Inhabitants of Winslow, 35 N. J. Law, 437. In this suit there were 10 special pleas. Some of the pleas were held to be good, and others bad. In delivering the opinion of the court, Justice Beasley says: "As some of the pleas contained in the demurrer are good, the defendants are entitled to judgment." The same rule prevails in the federal courts. In case of U. S. v. Girault, 11 How. 22, Mr. Justice Nelson says: "As the demurrer put in is general to four several pleas, if any one constitutes a good bar to the action the demurrer is bad."

The first plea demurred to is the plea of the statute of limitation. I do not see how this can be held to be other than a good plea in bar. The action is an action on the case for damages alleged to result to the plaintiff from the erection or maintenance of an obstruction to a water course, whereby the plaintiff's lands are seriously affected by the overflow of water. The Revised Statutes of New Jersey expressly declare that all actions of trespass and upon the case shall be commenced and sued within six years next after the cause of such action shall have accrued, and not after. It is well settled that the defendants, to claim any benefit of the statute of limitation, must specially plead it, and, unless it be so specially pleaded, damages that may be recovered by the plaintiff cannot be limited to the six years immediately antecedent to the commencement of the action. It seems, then, that it is a perfectly proper plea for the defendants to interpose to this case, so that the cause of the action may be limited, in accordance to the statute, to the six years prior to the commencement of the suit; and, so far as this plea is concerned, the demurrer is overruled, with leave to the plaintiff to reply to the plea in question within 30 days.

The other plea demurred to is to the effect that no notice had been given to the defendant that the embankment in question was a nuisance, or inflicted the injury complained of, or to re-

move the same. The allegation in the declaration is that the defendant maintained and continued the nuisance in question after it became possessed of the premises on which it was erected. I think the principle governing this case is that an action may be maintained against a party who continues a nuisance erected by another, by actively maintaining it, without notice or request to abate it. Whether there has been such maintenance is a question for the jury, but the allegation of the declaration that it was so maintained by the defendant, I think, is not answered by a plea that it had no notice to remove it. In fact, it may be questionable whether the plea itself, as pleaded, does not amount to the general issue. At any rate, I think the demurrer, so far as this plea is concerned, was well taken, upon the authority of Banking Co. v. Ryerson, 27 N. J. Law, 457, in which case I think Chief Justice Green states the law clearly, succinctly, and in accordance with justice.

The result, however, is, as this demurrer is general, and one plea which has been demurred to has been held to be good, the demurrer must be overruled, with costs to the defendants.