GEORGE O. HILL *vs.* FREDERICK GREENWOOD & others.
RICHARD W. HILL *vs.* SAME.

Worcester. October 5, 1893. — December 1, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Misconduct of Juror and Party — Waiver of Irregularity — New Trial —
Discretion of Court.*

The fact that the plaintiff and his counsel in a case, knowing at the time when it
occurred that the defendant had some conversation with one of the jurors in the
court-room after the case had been suspended for the day, continued, without
taking any action upon it, to try the case for two days more, and to its close, is
a waiver of any irregularity; and the plaintiff is not entitled, as a matter of
right, after a verdict has been rendered, to ask for a new trial on the ground of
misconduct of the juror and the defendant, but such a motion is addressed to
the discretion of the presiding judge, to the exercise of which no exception lies.

TWO MOTIONS for a new trial of two actions of tort tried to-
gether, on the ground of alleged misconduct of one of the jurors
and one of the defendants during the trial. The motions were
heard together in the Superior Court, before *Aldrich, J.*, who
overruled them; and the plaintiffs alleged exceptions. The
facts appear in the opinion.

*W. A. Gile,* for the plaintiffs.

*W. S. B. Hopkins & J. A. Stiles,* for the defendants.

LATHROP, J. At the hearing of the motion for a new trial
in each of these cases, no exception was taken to the admission
or exclusion of any evidence, no request was made for a ruling
as matter of law, and the presiding judge made no such ruling.
It was not until the decision of the motions was announced that
the plaintiff contended that the verdicts ought not to stand on
the evidence introduced at the hearing. Even then the judge
made no ruling as matter of law, but in the exercise of his dis-
cretion refused to set aside the verdicts.

While questions of law, which arise for the first time at the
hearing upon a motion for a new trial, relating to the compe-
tency of the evidence or the rulings of the presiding justice,
may be revised by this court, under the Pub. Sts. c. 153, § 8,
(see *Harrington* v. *Worcester, Leicester, & Spencer Street Railway,*

157 Mass. 579, and cases cited,) his decision is final upon all questions of fact, and where he declines to grant a new trial, in the proper exercise of his discretion, no exception lies. *Behan* v. *Williams*, 123 Mass. 366. *Commonwealth* v. *White*, 147 Mass. 76, and 148 Mass. 429.

The grounds upon which the plaintiffs contended in their argument before this court that the verdicts should be set aside rest upon evidence that on the first day of the trial, after the case was suspended for the day, one of the jurors, who appears to have been an entire stranger to the defendants, after leaving his seat, approached a stenographer, one of the witnesses for the defendants, but who had not then testified, and asked her if she had taken all the evidence. She answered in the affirmative, and he then asked her if she knew a certain man in East Templeton. She said she was from Gardner, and referred him to one of the defendants who was standing by. The juror then asked this defendant if there was a man by the name of Stickney living in East Templeton, and the defendant said he believed there was a man there by the name of Rufus Stickney. This was in open court, and in the presence of counsel on both sides. The attention of the court was called to the fact that one of the defendants was speaking to the juror, and the court directed them to discontinue their conversation, whereupon the juror said he was merely inquiring for a friend. The bill of exceptions states that the fact that some conversation had taken place between the juror and some person connected with the defence was known to the plaintiffs and their counsel; that no attempt was made to interrogate the juror, the defendant, or the witness; that no request was made that the juror be removed from the panel, or that the case be taken from the jury and tried anew; and that the plaintiffs continued to try the case for two days more, and to its close. On these facts it is clear that the plaintiffs could not, as a matter of right, after a verdict was rendered, ask that it be set aside. *Rowe* v. *Canney*, 139 Mass. 41. By going on with the case they must be considered as having waived any irregularity. The motion, therefore, was addressed purely to the discretion of the court, and to the exercise of this discretion no exception lies.

Without determining whether an exception would lie if there

had been no waiver by the plaintiffs, (see *Shea* v. *Lawrence*, 1 Allen, 167, and *Brady* v. *American Print Works*, 119 Mass. 98,) we are of opinion that the order must be, in each case,

*Exceptions overruled.*