Argued on motion to dismiss appeal April 1, motion allowed June 21, 1927.

## LELIA PTACK *v.* J. E. STRONG.

(257 Pac. 19.)

**Courts—Rules of Court must not be Arbitrary or Unreasonable, or Contravene Constitutional or Statutory Provisions.**

1. Rules of court must not be arbitrary or unreasonable, and must not contravene any constitutional or statutory provision or any principle of general law.

**Appeal and Error—Bill of Exceptions, not Filed nor Showing Tender Within Time Provided for by Trial Court Rule, will be Expunged (Circuit Court Rule 16).**

2. Where bill of exceptions, though allowed and settled by Circuit Court of Tillamook County, contained no assertion that it was tendered within time provided for by Rule 16 of that court, and it affirmatively appeared from record that bill was not filed within time limited and that there was no extension of time, bill will be expunged from the record.

**Appeal and Error—Appeal from Order Setting Aside Judgment will be Dismissed on Expunging Bill of Exceptions from Record.**

3. Where, on appeal from order setting aside judgment, the bill of exceptions was expunged from the record, appeal will be dismissed since no reviewable question can arise therein without bill of exceptions.

---

Appeal and Error, 4 C. J., p. 167, n. 29, p. 247, n. 24, p. 324, n. 37, p. 570, n. 91, p. 574, n. 76.

Courts, 15 C. J., p. 902, n. 13, p. 903, n. 14, 15.

From Tillamook: GEORGE R. BAGLEY, Judge.

In Banc.

APPEAL DISMISSED.

For the motion, *Mr. George P. Winslow.*

*Contra, Mr. Marvin K. Holland.*

RAND, J.—Plaintiff moves to expunge the bill of exceptions. The cause was tried in Tillamook

---

1. Validity of rule of court in contravention of common law or statute, see notes in 19 **Ann. Cas.** 801; **Ann. Cas.** 1914B, 1185. See, also, 7 **R. C. L.** 1024.

County, and resulted in a verdict and judgment for defendant. On motion of plaintiff the judgment was set aside and a new trial granted. The order granting the new trial was rendered on December 10, 1926, and defendant appealed therefrom. No application for an extension of time in which to prepare and tender a bill of exceptions was made until January 22d, at which time an order was made by the trial court extending the time to February 28th, and the bill of exceptions was tendered on February 26th and settled and signed March 12th and filed in this court March 17, 1927. The bill of exceptions contains no statement that it was tendered within the time limited, and it is admitted that no order extending the time was made prior to January 22d.

The rules of the trial court providing for the time in which a bill of exceptions must be tendered have been certified to this court by the clerk of that court and have been made a part of the record here. Rule 16 of that court provides:

"Parties seeking bills of exceptions must prepare their proposed bill and serve a copy of same on the opposing counsel, and present and lodge the original thereof to and with the Judge of this Court within twenty days after the entry of judgment, at any place where the Judge may then be found in the Judicial District, but in no instance file the same with the Clerk of the Court, * * and all bills of exceptions must be presented and lodged within the time in this rule specified and all objections, amendments and changes shall be presented and lodged thereto within the times specified in this rule, unless for good reason the court or judge, before the times specified in this rule, expire, grants an extension of time, which shall be done only by an order in writing, signed by the

121 Or.—44

judge, extending the time, or made by the judge in open court, and entered in the minutes of the judge.''

This rule is mandatory in terms and leaves no discretion in the trial judge where the rule has not been complied with and is as binding upon the court as on the parties to the action.

1. It may well be doubted whether a court has the power to promulgate a rule so inflexible as to wholly deprive the court of the power to exercise a sound judicial discretion in a case where the failure to exercise such discretion may result in depriving a litigant of a legal right which may be lost without any fault or neglect upon his part. But there are no such circumstances shown in this case, although there is nothing in the record to show that appellant was aware of the existence of any such rule. Under the circumstances appearing upon the record, there is nothing to show that the enforcement of this rule is unreasonable or will deprive the appellant, without any fault upon his part, of his right to have the bill of exceptions certified to. For that reason we express no opinion as to the reasonableness of the rule. Such a rule, if directory, is essential for the orderly conduct of the business of the court, and there may be circumstances where the rule should be mandatory. Rules of court, however, must not be arbitrary or unreasonable, and they must not contravene any constitutional or statutory provision or any principle of general law: *Coyote G. & S. M. Co.* v. *Ruble et al.,* 9 Or. 121. The facts of this case bring it fairly within the doctrine announced in *Oxman* v. *Baker Co.,* 115 Or. 436 (234 Pac. 799, 236 Pac. 1040), and is controlled by that decision.

2, 3. As stated, the bill of exceptions itself, although allowed and settled by the trial court, contains no assertion that it was tendered within the time provided for in the rule, and it affirmatively appearing from the record that no extension of time was granted within the time prescribed by the rule, the motion to expunge the bill of exceptions must be sustained, and since this appeal is from an order setting aside a judgment and no reviewable question can arise without a bill of exceptions, respondent's motion to dismiss the appeal must also be sustained.

APPEAL DISMISSED.