Submitted on motion to dismiss appeal and strike bill of exceptions August 30, motion to dismiss denied and motion to strike allowed September 6, rehearing denied October 4, 1927.

## FLORA STUDENT *v.* F. W. GOLDAPP.

### (259 Pac. 207.)

Appeal and Error—Notice of Appeal Entitled in Proper Court, Stating Parties, Date of Judgment and That Appeal was Taken to Supreme Court, Sufficiently Described Judgment (L. O. L., § 550, subd. 1).

1. Where a notice of appeal was entitled in the proper court and contained the names of the parties to the action, and the date when the judgment appealed from was rendered, and notified the adverse party and her attorney that an appeal from judgment was taken to the "Supreme Court of this state," the notice sufficiently described the judgment, under L. O. L., Section 550, subdivision 1.

Appeal and Error—Notices of Appeal Entitled in Proper Court, Stating Parties, Date of Judgment, and That Appeal was Taken to "Supreme Court of This State," Sufficiently Stated Court Appealed to (L. O. L., § 550, subd. 1).

2. Where a notice of appeal was entitled in the proper court and contained the names of the parties to the action and the date when the judgment appealed from was rendered, and notified the adverse party and her attorney that an appeal from said judgment was taken to the "Supreme Court of this state," notice sufficiently stated the name of the court appealed to, under L. O. L., Section 550, subdivision 1.

Appeal and Error—Bill of Exceptions Will be Expunged Where Appellant Fails to Tender Bill Within Time Allowed by Circuit Court Rule.

3.  Where one appealing from the Circuit Court fails to prepare his proposed bill of exceptions and to serve a copy on opposing counsel and to lodge the original with the judge within twenty days after the entry of judgment, in absence of an extension of time, as required by that court's rule, the bill of exceptions will be expunged from the record by the Supreme Court on motion.

Exceptions, Bill of—Ignorance of Rule That Bill of Exceptions must be Served and Presented Within Twenty Days Held No Excuse for Failure to Comply Therewith.

4.  That attorney of party appealing from Circuit Court was ignorant of the existence of court's rule, providing that parties seeking bills of exceptions must prepare proposed bills and serve copy on opposing counsel and lodge original with judge within twenty days after judgment *held* no excuse for his failure to comply therewith.

Appeal and Error, 3 **C. J.**, p. 1224, n. 39, p. 1226, n. 57; 4 **C. J.**, p. 324, n. 35, p. 329, n. 29.
Courts, 15 **C. J.**, p. 908, n. 2.

From Yamhill: ARLIE G. WALKER, Judge.

In Banc.

> MOTION TO DISMISS APPEAL DENIED. MOTION
> TO STRIKE BILL OF EXCEPTIONS ALLOWED.
> REHEARING DENIED.

For the motion, *Mr. Frank Holmes.*

*Contra, Mr. F. B. Layman.*

RAND, J.—1, 2. Respondent moves to dismiss the appeal and also to strike the bill of exceptions from the record; these will be noticed in their order. It is contended that the notice of appeal fails to sufficiently describe the judgment appealed from, and also to state the name of the court to which the appeal was taken. The notice of appeal is entitled in the proper court, and contains the names of the parties to the action, the date when the judgment appealed from

was rendered, and notifies the adverse party and her attorney that an appeal from said judgment was taken to the Supreme Court of this state. This conformed to the requirements of Section 550, subdivision 1, L. O. L., and was sufficient as held in *Tucker* v. *Nuding,* 92 Or. 319 (180 Pac. 903), and authorities there cited.

The further contention is that the appeal should have stated that it was taken to the "Supreme Court of the State of Oregon" and not as recited in the notice to the "Supreme Court of this State." In respect to this contention the notice of appeal could not have been misleading. There was but one court to which the appeal could be taken, and under the statute it would have been sufficient if the notice had merely said that the appeal was taken to the Supreme Court, without the addition of the words "of Oregon."

The further contentions that the transcript was not filed in this court in time, and that the transcript as filed was not sufficient to give this court jurisdiction of the appeal, is foreclosed by what appears on the face of the record. The motion to dismiss the appeal must therefore be overruled.

3, 4. It is clear that under the ruling in *Ptack* v. *Strong,* 121 Or. 688 (257 Pac. 19), decided June 21, 1927, the motion to expunge the bill of exceptions must be sustained. It affirmatively appears that the Circuit Court of Yamhill County has in force a rule of court which is identical in its terms to the rule which was in force in the Ptack case, and the only excuse offered for a failure to comply with the rule is that appellant's attorney did not have knowledge of the existence of the rule. Common prudence requires that attorneys trying cases in any court shall

familiarize themselves with the rules of the court in which they are conducting the business of their clients. Upon their failure so to do, if the rule is couched in mandatory language and is as binding upon the court as upon the parties, we cannot hold it solely because of counsel's unfamiliarity with it, to be an unreasonable rule. The remedy, if one is needed, to avoid future injustice is for the court to make the rule directory, but that is a matter entirely within the discretion of the Circuit Court and with which we have no concern. This, however, will not result as in the Ptack case in the dismissal of the appeal, for with the bill of exceptions expunged the appellant, under the record here, may still try out the question of the sufficiency of the pleadings, the correctness of the court's rulings in denying the motion for a change of venue and in denying the motion for a new trial and possibly other questions.

The motion to expunge the bill of exceptions will be allowed.

> MOTION TO DISMISS APPEAL DENIED. MOTION TO STRIKE BILL OF EXCEPTIONS ALLOWED. REHEARING DENIED.