Argued and submitted on motion to dismiss appeal October 16;
motion denied December 2, 1930; reargued January 21;
affirmed February 17, 1931

HOOTON *v.* JARMAN CHEVROLET CO., Inc., et al.

(293 P. 604, 296 P. 36)

*Leroy Lomax,* of Portland, for the motion.

*Goss, Murphy & Skipworth,* of Marshfield, opposed.

BROWN, J. Based "upon the record of this cause and wherein it appears that the judgment was entered in the lower court on October 22, 1929, and that no bill of exceptions was tendered to the lower court until on October 17, 1930, and after the argument of this cause before this court," the plaintiff has filed a motion to expunge the bill of exceptions, dismiss the appeal, and affirm the judgment appealed from. As set out in the motion, the record discloses that the judgment order herein was entered on October 22, 1929; that no bill of exceptions was tendered until October 17, 1930, and no extension of time was ever granted for filing the same.

In so far as it pertains to the question presented by this motion, Oregon Code 1930, § 2-703, provides:

"A proposed bill of exceptions may be tendered by presenting it to the clerk of the court within sixty days (60) after the entry of the judgment or decree, or within such further time as may be granted by order of the court."

This law must be so administered, however, as to harmonize with, and come within the compass of Oregon Constitution, art. 1, § 10, which announces that "justice is to be administered * * * completely and without delay." Clearly, the trial court abused its discretion in settling and allowing the bill of exceptions nearly a year after the entry of judgment. It came too late, and should be expunged from the record. But, as written by our court, speaking through Mr. Justice RAND in *Student v. Goldapp,* 124 Or. 102 (259 P. 207):

"This, however, will not result as in the Ptack case [121 Or. 688, 257 P. 19] in the dismissal of the appeal, for with the bill of exceptions expunged the appellant, under the record here, may still try out the question of the sufficiency of the pleadings, the correctness of the court's rulings in denying the motion for change of venue, and in denying the motion for a new trial and possibly other questions."

This doctrine is well settled in this jurisdiction, and is based upon statute and court decisions. In the early case of *Bridal Veil Lumbering Co. v. Johnson,* 25 Or. 105 (34 P. 1026), the question of the necessity for an exception arose, and Mr. Justice MOORE, speaking for the court, said:

"No exceptions are required to be taken or allowed to any decision upon a matter of law, when it is entered in the journal or made wholly upon matters in writing and on file in the court: Hill's Code, § 233."

This decision is recognized and followed in *Chung v. Stephenson,* 50 Or. 244 (89 P. 386), where Mr. Justice EAKIN, in delivering the opinion of the court, said:

"We understand that exceptions are only necessary to be taken to save and bring up errors transpiring upon the trial that cannot be preserved in the record without a bill of exceptions. This error appears from the record, viz., the pleadings and the findings, and does not depend upon the bill of exceptions to disclose it."

In *Pullen v. Eugene,* 77 Or. 320 (146 P. 822, Ann. Cas. 1917D, 933), in passing upon the question of the necessity of presenting error of the trial court by bill of exceptions, the court declared:

"Nor was it necessary, when the demurrer was sustained, to save an exception to the court's ruling, since it was made upon a matter in writing and on file in the court: L. O. L., § 172."

In the case of *Chrudinsky v. Evans,* 85 Or. 548 (167 P. 562), the opinion of the court was delivered by Mr. Justice BURNETT. Among other things, the learned justice said:

"The principal error relied upon by the appealing defendant is the entry of a separate judgment on the several verdicts. For one thing, in opposition to this, the plaintiff contends that the defendant cannot be heard here on that point because there is nothing about it in the bill of exceptions. We read, however, in L. O. L., § 172:

" 'No exception need be taken or allowed to any decision upon a matter of law, when the same is entered in the journal, or made wholly upon matters in writing and on file in the court.'

"An exception is an objection, and a bill of exceptions is necessary only where the matter to which it applies does not otherwise appear of record. Here, however, the decision complained of was made upon these written verdicts which were filed, and was embodied in an entry upon the journal of the court. Hence there was no need of duplicating the history of the transaction impugned."

The question was again presented in *Annand v. Austin,* 86 Or. 403 (167 P. 1017, 168 P. 725), and the court, in its opinion on rehearing, wrote:

"The plaintiff raised the question appropriately by her motion to substitute other findings, and as the decision on that point was made upon matters in writing and on file, it is not necessary that specifications of the error should appear in the bill of exceptions: L. O. L., § 172."

In *School District No. 30 v. Alameda Construction Co.,* 87 Or. 132 (169 P. 507, 788), the court, in passing upon the question, held:

"The error is apparent on the face of the record itself, so that no bill of exceptions is required: L. O. L., § 172."

In *Emmons v. Southern Pacific Co.,* 97 Or. 263 (191 P. 333), Mr. Justice BURNETT, in discoursing upon this subject, said:

"It presents a case under the second clause of L. O. L., § 172, where it is said:

" 'No exception need be taken or allowed to any decision upon a matter of law, when the same is entered in the journal, or made wholly upon matters in writing and on file in the court.'

"The pleadings are here, the verdict is here, and the judgment is here. The error of entering such a judgment on such a verdict is one of law, made wholly upon written documents on file in the circuit court, and hence is reviewable on appeal on the record thus made."

This clause was quoted and followed in *Bailey v. Security Ins. Co.*, 100 Or. 163 (196 P. 252), and again in *Montague-O'Reilly v. Town of Milwaukie,* 101 Or. 478 (193 P. 824, 199 P. 605).

In the case of *State v. Laundy,* 103 Or. 443 (204 P. 958, 206 P. 290), Mr. Justice HARRIS, in rendering the opinion for the court, made the following pertinent observation (p. 508):

"The original importance of one of the two functions of an exception was recognized by Or. L., § 172, where it was and still is provided:

" 'No exception need be taken or allowed to any decision upon a matter of law, when the same is entered in the journal, or made wholly upon matters in writing and on file in the court'; because in the enumerated cases an exception was not necessary for the reason that such 'decision' became a part of the judgment-roll, even though no bill of exceptions was prepared."

Continuing his discussion as to the jurisdiction of the court to pass upon particular questions, the justice says:

"In this jurisdiction, as in most jurisdictions, the general rule established by court decisions is that only such questions of law as are presented upon an objection, an adverse ruling, and an exception will be reviewed upon an appeal [citing authorities]; but this rule, like many rules, has its exceptions. One exception to this general rule, expressly recognized by the code, is found where the question of law is one that is involved in a ruling which properly appears in the judgment-roll, even though there be no bill of exceptions."

In the case of *State v. Karpenter,* 120 Or. 90 (250 P. 633, 251 P. 307), the court refused to consider the objection made to the verdict for the reason that it "was not raised to the court below and was not incorporated in the bill of exceptions." But, on petition for rehearing, that part of the original opinion that had reference to the foregoing objection and the refusal of the court to consider the same was withdrawn by the court "because it is not a proper statement of the law."

A "bill of exceptions" has been aptly defined by this court as "a memorial of matters occurring at the trial of a cause which do not otherwise appear of record": *Kubik v. Davis,* 76 Or. 501 (147 P. 552). See, also, *Hanna v. Alluvial Farm Co.,* 79 Or. 557 (152 P. 103, 156 P. 265).

■ Notwithstanding the bill of exceptions has been expunged from the record in this case, the judgment-roll, duly certified by the clerk, is here, and it contains all the proceedings had in the lower court pertaining to the motion for a new trial. The motion to dismiss the appeal is, therefore, denied.

ON THE MERITS
(296 P. 36)

*H. S. Murphy*, of Marshfield (Goss, Murphy & Skipworth, of Marshfield, on the brief) for appellants.

*Leroy Lomax*, of Portland, for respondent.

BROWN, J. The single point argued here relates to the ruling of the court upon defendants' motion for a new trial. The motion avers:

"That during the progress of said trial the Coos Bay Times, a daily newspaper of general circulation, published in Marshfield, Coos county, Oregon, published a news item stating that one Nathaniel G. Anderson was an adjuster with the Oregon Automobile Insurance Company, and that he was here transacting business in connection with the above entitled case, all as will more particularly appear from the newspaper clipping attached hereto and made a part hereof, and marked Exhibit A.

"2. That during the progress of said trial and before the verdict was returned James Nowlin, a juror in said case, told one E. W. Sullivan that he had made up his mind to return a verdict for the plaintiff because the defendant was insured against such damages as were involved in this case, as will more particularly appear from affidavits of said James Nowlin and said E. W. Sullivan, marked Exhibits B and C respectively."

In his affidavit, Juror James Nowlin states:

"That I was one of the jurors duly empaneled to try the above entitled cause, and that shortly after said trial was begun and before the case was submitted

to the jury, I learned that the defendants were insured against loss or damage arising out of circumstances and facts upon which the above entitled case was based, and that such knowledge on my part influenced me to return a verdict in favor of the plaintiff * * *. I expressed the above-mentioned knowledge and information to one E. W. Sullivan, and informed him that I would be influenced by such knowledge in returning a verdict in said case."

Affiant E. W. Sullivan states:

"That during the progress of the trial of the above entitled case one James Nowlin, a juror duly empaneled to try said case, and before the submission thereof to the jury for determination, told me that immediately after the trial began he made up his mind as to what verdict he would vote for and that he was influenced against defendants by the fact that the defendants carried insurance for such accidents."

M. W. Skipworth, of counsel for defendants, says, in his affidavit, that:

"* * * during the progress of the trial * * * the attorneys for the defendant had no knowledge of the matters set forth in the attached motion and affidavits for new trial and that said facts were not learned until after the verdict was rendered therein."

The motion for a new trial was denied.

■ We have no information as to how, when or where Nowlin obtained the knowledge that the defendants carried insurance, nor have we any knowledge or information as to whether the newspaper item referred to above was read by Nowlin or by any juror. Affiant E. W. Sullivan states that Nowlin made the declarations attributed to him "during the progress of the trial"; but he does not inform us whether such knowledge was or was not communicated to the defendants herein. While one of the attorneys makes an affida-

vit to the effect that "the attorneys for the defendant had no knowledge of the matter set forth in the attached motion," and that the facts set forth in such affidavits were unknown to them prior to the rendition of the verdict, yet neither he nor any one else claims that the juror's misconduct was unknown to the defendants. That statement alone is insufficient; nor is it strengthened by any matter appearing of record. With respect to the sufficiency of motions for a new trial upon the ground of misconduct of the jury, an eminent authority has written:

"* * * The motion must particularly state the nature of the alleged misconduct, when and where it occurred, give the names of the participating jurors, or otherwise clearly identify them; and it must also affirmatively allege that the mover and his counsel were ignorant of such misconduct until after the trial": 2 Thompson on Trials (2d Ed.), § 2759 (b).

So far as the record is concerned, it may be that the defendants herein knew of Nowlin's declarations.

Again we find, in 46 C. J., pp. 374, 375:

"Where a motion for a new trial is based upon the ground of disqualification of a juror, incompetency of a juror to act in the particular case, misconduct of a juror or jurors affecting the outcome of the trial, or misconduct of the prevailing party or his attorney, it is usually required that there shall be affidavits of the moving party and of his attorney showing that, during the former trial, both the moving party and his attorney were ignorant of the facts which are relied on as furnishing ground for a new trial. The reason for this requirement is that any objection because of such matter is regarded as waived if the party claiming to have been prejudiced thereby fails to raise objection at the first opportunity, and it has therefore been held necessary that the affidavits should show when the moving party or his attorney first became aware of such misconduct."

As to the necessary showing required to support a motion for new trial grounded upon misconduct of jurors, it is said:

"It is usually required that a motion for new trial on the ground of misconduct of a juror or jurors must be supported by affidavits of the attorney for the moving party as well as of the party himself, which must clearly and positively set forth the facts constituting the alleged misconduct \* \* \*. The affidavits should state the names of the offending jurors if it is possible to do so, in order that the opposing party may have an opportunity to deny or explain the charges": 46 C. J., 372.

To similar effect are *Tucker v. Salem Flouring Mills Co.*, 13 Or. 28 (7 P. 53), and *Osmun v. Winters*, 30 Or. 177 (46 P. 780). In the latter case it is said:

" 'A party cannot know, during the trial, a fatal objection arising from the misconduct of a juror upon the trial, and keep silence, and take advantage of it in the event of an adverse verdict. He is not permitted to speculate upon the chances of a verdict.' This doctrine is supported by numerous cases and appears to be well settled. See *State v. Tuller*, 34 Conn. 280; *Consolidated Ice Mach. Co. v. Trenton Hygeian Ice Co.*, 57 Fed. 901; *Cogswell v. State*, 49 Ga. 103; *Martin v. Tidwell*, 36 Ga. 345; *Stampofski v. Steffens*, 79 Ill. 306; *Hussey v. Allen*, 59 Me. 269; *Rowe v. Canney*, 139 Mass. 41 (29 N. E. 219); *Koester v. City of Ottumwa*, 34 Iowa 41; *Gurney v. Minneapolis Ry. Co.*, 41 Minn. 223 (43 N. W. 2); *Hill v. Greenwood*, 160 Mass. 256 (35 N. E. 668)."

For the reason that the defendants failed to file the proper showing as to the time the information from the delinquent juror was received by them, we affirm the judgment of the lower court in denying the motion for a new trial.

RAND, J., dissents.