Argued at Pendleton May 3; affirmed May 24, 1932.

## LA GRANDE NATIONAL BANK v. CRUM ET AL.

(11 P. (2d) 553)

*Jesse Crum,* of Elgin, for appellants.
*J. S. Hodgin,* of La Grande, for respondent.

CAMPBELL, J.   Plaintiff commenced this action to recover possession of certain livestock for the purpose of foreclosing a past-due mortgage, in the sum of $3,100, which it held against the said livestock.

On February 25, 1929, J. L. Westenkow and A. J. Coe entered into a partnership agreement for the purpose of carrying on a dairying and livestock business. In addition to other capital, Westenkow put into the partnership 30 head of cattle on which there was a mortgage of $2,500, held by the respondent bank, for his individual obligation. Coe contributed to the partnership nine head of cattle on which the Equitable Savings Bank held a mortgage of $250, his individual obligation.

No mention of these mortgages were made in the partnership agreement.

When the mortgage held by the Equitable Savings Bank became due, it demanded payment. Coe did not have the money to pay it. He sold to Westenkow the nine head of livestock which he had contributed to the partnership. Westenkow thereupon mortgaged all the livestock in the partnership to the plaintiff for the sum of $3,100 and with this money took up his mortgage of $2,500 and Coe's $250 mortgage. He also paid some bills owed by the partnership. It is by virtue of this mortgage that plaintiff brought this action.

The evidence discloses that the partnership business was unprofitable; in fact, it did not pay expenses and was about to be dissolved.

On February 20, 1931, one week before its dissolution, Coe mortgaged to the defendant, Nellie Crum, an undivided one-half interest in the livestock covered by plaintiff's mortgage, to secure the payment of $321.50, due in 60 days.

Upon the dissolution of the partnership, it developed that Coe was indebted to the partnership, over and above his interest therein, more than $1,000. De-

fendant Nellie Crum, started foreclosure proceedings on her mortgage and came into possession of the livestock.

Defendant Breshear, the sheriff, and defendant G. V. Fowler, the keeper of the livestock under the sheriff, are only nominal parties.

The case was tried to a jury, who returned a verdict for plaintiff, on which judgment was entered. Defendant appeals.

Appellant presents as his first assignment of error that the trial court erred in sustaining an objection to the following questions:

F. L. Meyers, vice-president of respondent bank, was called as a witness on behalf of respondent. During cross-examination appellant's counsel asked him, "Now at the time you took the mortgage of $3,100, Mr. Meyer, did you—were you aware of the fact that a partnership existed between Mr. Coe and Mr. Westenkow?"

This question was objected to by counsel for respondent as being immaterial, which objection was sustained by the court. Later the same witness was asked, "Didn't you know at the time, as a matter of fact, that the cattle were in the possession of A. J. Coe?" This question was objected to as immaterial which objection was sustained by the court.

Again: J. L. Westenkow, who was called as a witness in behalf of the plaintiff, on cross-examination by appellant's counsel, was asked, "Now when you gave the mortgage to the La Grande National Bank, on the 30th day of January, 1931, did you tell the bank or inform them that these cattle were the property of the partnership?" This question was objected to as immaterial and not cross-examination, which objection was sustained by the court.

Defendants alleged, in paragraph 5 of their further and separate answer and defense, that J. L. Westenkow and A. J. Coe were partners at the time of the execution of respondent's mortgage and at that time the livestock covered by the mortgage were in the possession of A. J. Coe. A copy of the partnership agreement, marked as "exhibit B" is attached to, and, by reference, made a part of the answer.

Plaintiff, in its reply, "admits that there was a copartnership formerly existing between said J. L. Westenkow, the mortgagor, named in plaintiff's complaint, and the said A. J. Coe, named in paragraph 5 of defendant's further and separate answer and defense and that 'exhibit B', attached to said answer, is a true copy of said copartnership agreement then existing."

■ It is not error for the court to refuse to admit testimony in support of an allegation that is not traversed.

■ 2. This assignment of error is predicated on the ruling of the court on certain questions asked of J. V. Fowler, one of defendants, who was called as a witness on behalf of plaintiff. He testified that he was, as keeper for the sheriff, in charge of the livestock taken into possession by the sheriff under appellant's mortgage and replevined herein, at the time this action was commenced; that he was familiar with the cattle described in respondent's mortgage. He was being asked about each one of the cattle, and where each was specified in the mortgage and if the same cattle were covered by appellant's mortgage. Along that line, he was asked, "One Jersey cow, six years old, weight 1,300 lbs.?" Appellant's counsel objected "to any further

testimony along this line as calling for the opinion of the witness." Which objection was overruled by the court, and exception taken. The witness did not answer the question. He was then asked, "where did you say that was?", to which he answered, "In the 23 cows." To this last question there was no objection. The appellant claims that the witness' answer "was simply an expression of the opinion of the witness." We do not think so. If it were error, it was harmless, as appellant's counsel had admitted previously, "that all the cattle in the bank's mortgage are in this [referring to appellant's mortgage] with the exception of the Guernsey." The question asked did not refer to a Guernsey.

3; 4. These assignments of error are predicated on the ruling of the court, in sustaining objections to questions propounded to appellant's witnesses on direct examination after the questions had been answered. The answers were permitted to remain, no motion was made to have them stricken or to instruct the jury to disregard them. Such a ruling, in a civil case, even if erroneous, is harmless.

5. Appellant claims that certain of his requested instructions were not given the jury. Appellant also complains of certain instructions, requested by respondent, which were given the jury.

The record shows that no exception was taken to any of the court's instructions, nor was there any exception or suggestion of any failure of the court to give any requested instructions. It is evident that when the court completed instructing the jury, the appellant was satisfied with the instructions as given, therefore took no exception.

This court has said on numerous occasions that it is only error, properly excepted to, that will be reviewed on appeal: *Hooton v. Jarman Chevrolet Co.,* 135 Or. 269 (293 P. 604, 296 P. 36), and cases therein cited.

Finding no error, the judgment will be affirmed. It is so ordered.

BELT, J., not sitting.