Argued October 7; affirmed November 16, 1948

# TELLKAMP v. McILVAINE

199 P. (2d) 246

*Donald H. Joyce,* of Portland, argued the cause and filed a brief for appellant.

*E. K. Oppenheimer,* of Portland, argued the cause for respondent. With him on the brief were Wilbur, Beckett, Oppenheimer, Mautz & Souther, of Portland.

Before ROSSMAN, Chief Justice, and BELT, BAILEY, and BRAND, Justices.

ROSSMAN, C. J.

This is an appeal by the plaintiff from a judgment of the circuit court, which is based upon the verdict of a jury. Both verdict and judgment are in favor of the defendant. The action was predicated upon averments that the defendant negligently drove his automobile into collision with one in which the plaintiff was riding, thereby injuring the plaintiff.

The appellant's brief presents two assignments of error. The first charges that error was committed when the trial judge, according to the appellant, made a remark concerning the manner in which the plaintiff's counsel was conducting the trial. The second is: "The court erred in denying appellant's motion for a new trial."

The motion for a new trial stated four propositions as its basis; they are:

"The trial court erred in making comment upon the manner in which plaintiff's attorney was conducting said trial, and in the presence of the jury."

"Plaintiff has discovered evidence, material to the rights of the plaintiff, said evidence having been impossible to obtain prior to the time of trial, although plaintiff made diligent and extensive search for the witness * * *."

"The jury, duly impaneled, drawn and qualified in said trial, returned its verdict for the defendant, which verdict was clearly inconsistent with and contrary to the undisputed evidence offered in said trial."

"The jury, duly impaneled, drawn and qualified in said trial, returned its verdict for the defendant, which verdict was contrary to the instructions of the trial court."

November 4, 1947, this court struck from the files the appellant's bill of exceptions for the reason that it was not filed within the time permitted by law. The question now occurs as to whether or not the assignments of error are available for consideration. It will be observed that it is impossible to determine their merit, if any, without a knowledge of what took place during the trial. We shall now consider whether or not the absence of a bill of exceptions precludes a consideration of the assignments of error.

*Oregonian Railway Co. v. Wright,* 10 Or. 162, which was presented to this court more than three score years ago, brought before the court at least one phase of the problem aforementioned. In that case the following order of events had occurred: judgment was entered against the plaintiff; the plaintiff moved for a new trial; the motion for a new trial was denied; and the plaintiff, upon appealing, assigned as error the entry of the order which denied him a new trial. We now quote from the decision:

"* * * As to the motion for a new trial and the proceedings thereon, they are not before us, so that we can consider them. They have not been made a part of the bill of exceptions so that they could properly go into the judgment roll. The transcript upon which the case must be tried here is simply a certified copy of that roll—nothing more."

■ The significance of that holding is evident: an appellant who wishes to assign as error an order which denied his motion for a new trial should see to it that the motion for a new trial and the proceedings thereon are made a part of the bill of exceptions. He should also see to it that the bill of exceptions becomes a part of the judgment roll.

Twenty years before the decision in *Oregonian Railway Co. v. Wright* was made, our legislature adopted a code of appellate procedure which included the following provision:

"After docketing the judgment, and before the next regular term of the court, the clerk shall prepare and file in his office the judgment roll as provided in this section:

"(1) If the complaint has not been answered by any defendant, * * * ;

"(2) In all other cases, he shall attach together

in like manner the summons and proof of service, the pleadings, bill of exceptions, all orders relating to a change of parties, together with a copy of the entry of judgment, and all other journal entries or orders in any way involving the merits, and necessarily affecting the judgment;

"(3) * * *."

(Now § 6-901, O. C. L. A. As to criminal cases, see § 26-1221, O. C. L. A.)

From the foregoing it must be clear that a motion for a new trial should be made a part of the bill of exceptions, and that the latter should be included in the judgment roll.

In *State v. Drake,* 11 Or. 396, 4 P. 1204, the appellant's presentation of a contention similar to that now before us induced Mr. Justice Lord to write an opinion on behalf of this court which portrays carefully the procedure an appellant should take in order to bring before this court for determination the regularity of an order that denied a motion for a new trial. The defendant in that case, upon conviction of the crime of murder, assigned as error the denial of his motion for a new trial, which was based upon a contention that the trial judge permitted the district attorney to employ unfair argument. After the decision had taken notice of the practice that prevailed before the enactment of the Statute of Westminister 2, 13 Ed. 1, Ch. 31, which authorized the use of bills of exceptions, it described the procedure which developed after the adoption of that act. Concerning the latter, the decision said:

"Its object was to bring into the record the particular matter excepted to, and supposed to be error, and which the record otherwise would not disclose, to lay the foundation for proceedings in error."

Thus the purpose of a bill of exceptions is to bring into the record and make a part of it matters not otherwise included within it. Our next quotation from the opinion states the manner in which the purpose is accomplished:

> "It was required, therefore, to be in writing, clearly stating the point wherein the court is supposed to have erred, with the necessary facts and circumstances; to attest the accuracy and authority of which, it must be signed and sealed by the judge who made the ruling, or decision."

■ It is seen from that sentence that in order to bring before this court for consideration a purported irregularity not shown by the normal record, the challenged order, ruling or other breach of judicial duty must be reduced to written form and incorporated in a bill of exceptions bearing the signature of the judge of the trial court. The requirement that the bill of exceptions must bear the authenticating signature of the judge is of vital importance. We again quote from Mr. Justice Lord's opinion:

> "Now it is perfectly clear that the matter alleged in the affidavit of the defendant could, in no way, constitute any part of the record, except through the instrumentality of a bill of exceptions. It is not intended, in such cases, that a party may make a statement in writing of what he conceives to be his grievances, and by swearing to it and filing it, and then moving for a new trial, and the court overrules the motion, he has incorporated the matter into the record so as to make it a part thereof and to enable this court to review it. If this can be done, the statement of exception provided by the code, to be settled, signed and allowed by the court before whom the cause was tried, to bring such matter into the record, and lay the foundation for appellate review, becomes a useless and meaningless thing. The whole business may be accomplished without

the aid of the court, and untrammeled by its authority. It has always been supposed that the record of a court is made up under the solemn sanction of the court, and to make exceptional matters, occurring during the progress of the trial, a part of that record, it must be so ordered by the court. Irrelevant language, addressed to the jury, is no part of the record of that cause until made so by bill of exceptions, under judicial order. * * * But without putting such matter in a bill of exceptions, and authenticating it in the manner required by law, the court cannot receive it, because there is no legal evidence before the court that it contains a correct record of the proceedings."

Since the motion and its affidavits were not included in a bill of exceptions bearing the trial judge's signature, the decision held that the regularity of the order which overruled the motion could not be considered by this court.

We believe that the procedure delineated in the two decisions just reviewed constitutes the practice generally pursued in this state. It also represents the prevailing practice in other jurisdictions, as we shall now show. In 4 C. J. S., Appeal and Error, § 773, page 1251, it is said:

"As a rule neither the notice of motion for new trial, the motion itself, nor the ruling of the court thereon, constitutes a part of the record proper, but must be duly incorporated therein by the bill of exceptions or other proper mode of incorporation."

In 3 Am. Jur., Appeal and Error, § 646, page 251, the same observation is made, as is evident from the following words:

"In other jurisdictions—and this is seemingly the general practice—the motion for a new trial and the rulings thereon must be brought up by means of the bill of exceptions, case or abstract."

■ The foregoing shows that this court, in determining whether or not a judgment is reversible, will not go beyond the record. The latter consists of the judgment roll. Normally, the contents of the judgment roll are the summons, proof of service, the pleadings and the judgment. In order to import into the judgment roll other rulings, orders and purported irregularities, a bill of exceptions must be employed. It is the means provided by law for sweeping into the judgment roll matters dehors the record which are dependent for their authenticity upon the signature of the trial court or the procedure delineated in § 5-702, O. C. L. A. Numerous decisions of this court indicate that an appellant who fails to avail himself of a bill of exceptions is limited in assigning error to matters disclosed by the pleadings. An example is *Wallowa Law, Land & Abstract Co. v. McGaffee,* 160 Or. 298, 84 P. 2d 1116, in which it is said:

"No bill of exceptions has been filed herein. On September 2, 1938, there was filed in this court a transcript of the testimony taken upon the trial before a jury and certified to by the official court reporter. The transcript of testimony was not filed as a bill of exceptions, nor authenticated by the trial judge."

Based upon that state of affairs, the court expressed its conclusion in the following words:

"The only question that can be considered is the sufficiency of the complaint, or some question that arises upon the pleadings in the case, where a bill of exceptions and transcript have not been filed."

The attacked judgment was affirmed. Numerous other decisions to like effect could be readily compiled but we deem a collation of them unnecessary to this opinion.

*Student v. Goldapp,* 124 Or. 102, 259 P. 207, and *Hooton v. Jarman Chevrolet Co.,* 135 Or. 269, 293 P. 604, 296 P. 36, appear to be discordant to the principles of appellate procedure outline above. The Student case came before this court upon two motions: one sought a striking of the bill of exceptions, and the other asked that the appeal be dismissed. Due to the fact that the bill was not filed within the time permitted by law, the decision struck the bill of exceptions. After so doing, the decision continued as follows:

"This, however, will not result as in the Ptack case in the dismissal of the appeal, for with the bill of exceptions expunged the appellant, under the record here, may still try out the question of the sufficiency of the pleadings, the correctness of the court's ruling in denying the motion for a change of venue and in denying the motion for a new trial and possibly other questions."

The Hooton appeal met with motions to expunge the bill of exceptions and to dismiss the appeal. The motion to expunge was sustained and the motion to dismiss was denied. The denial was accompanied by a quotation of that part of the Student decision which is set forth in the last preceding paragraph of this opinion. We now quote from the Hooton decision as follows:

"Notwithstanding the bill of exceptions has been expunged from the record in this case, the judgment roll, duly certified by the clerk, is here, and it contains all the proceedings had in the lower court pertaining to the motion for a new trial."

Later, when the cause was before this court upon its merits, the court considered the correctness of the challenged order of the circuit court which denied the defendant's motion for a new trial. The order was sustained.

Thus it is seen that the Student and the Hooton cases held that the regularity of an order which passes upon a motion for a new trial may be questioned in this court even in the absence of a bill of exceptions. Possibly the eminent writer of the Student decision had in mind a situation such as the one presented by *Pullen v. Eugene*, 77 Or. 320, 146 P. 822, 147 P. 768, 147 P. 1191, 151 P. 474, which was before this court after the trial judge had set aside a judgment for the plaintiff and had granted a new trial. The decision said:

> "If, however, an error was committed in sustaining the demurrer to the first cause of defense, the court on its own initiative was authorized to set aside the judgment and grant a new trial."

■ We assume that the Student decision had reference to an order granting a new trial on account of an irregularity evidenced by the judgment roll. Since the pleadings are always a part of the judgment roll, the correctness of a new-trial order, if it is based upon the pleadings, may be determined by this court even in the absence of a bill of exceptions. However, it is difficult to conjure up any instance in which it is necessary to employ a motion for a new trial in order to raise an issue about the pleadings.

If the Student and Hooton decisions had reference to motions for new trials which are based upon irregularities evidenced by the judgment roll, we will not disapprove the sentence which we quoted from the former and which is also quoted in the Hooton opinion. We are satisfied, however, that if the regularity of a motion for a new trial or for a change of venue is dependent upon affidavits or other matter dehors the record, the motion and all papers incidental to it must be made a part of the bill of exceptions. We believe

that the procedure which was taken with the motion for a new trial in the Hooton case was unwarranted. Even if the motion for a new trial which was filed in that case could have been deemed a part of the judgment roll, its accompanying affidavits formed no part of a bill of exceptions bearing the authenticating signature of the trial judge. The order of the circuit court was, however, properly affirmed.

■ Whenever the regularity of an order or other ruling is dependent upon something, as, for instance, an affidavit, a deposition or a transcript of evidence, a bill of exceptions bearing the signature of the trial judge is indispensable. The mere fact that the clerk of the court may choose to include all of those papers in the judgment roll will not suffice. We believe that the excellent exposition of the matter made by Mr. Justice Lord in the paragraph we quoted from *State v. Drake* gives an unanswerable reason for the rule.

■ It is evident that the merits of the two assignments of error presented by the appellant are dependent upon matter which is no longer before us; that is, they are dependent upon testimony and affidavits which formed a part of the stricken bill of exceptions. Nothing in the judgment roll, bearing the signature of the trial judge, affords us any basis whatever for determining the merits of the assignments of error. We, therefore, cannot consider them. By so expressing ourselves, we intend no intimation that Parts 1, 3 and 4 of the motion for a new trial could be considered by us as bases for a reversal, even if the bill of exceptions were still before us; see *Benson v. Birch,* 139 Or. 459, 10 P. 2d 1050.

The challenged judgment is affirmed.