Submitted on briefs December 31, 1956, affirmed January 23, 1957

## KNUDSON *v.* JONES ET AL

305 P. 2d 1061

Frank L. Whitaker, Portland, for appellants.
Crum, Walker & Buss, Portland, for respondent.

KESTER, J.

This is an appeal from an order denying defendants' motion to set aside a default judgment in a personal injury case. Over a year elapsed between the service

of the complaint and the default judgment. Defendants have printed in their abstract affidavits of their attorney and of plaintiff's attorney which were apparently submitted to the trial court in support of and opposing the motion to set aside the default. The affidavits are in conflict as to just what agreement or understanding existed between counsel with respect to the necessity of an appearance while the parties were attempting to get the State Industrial Accident Commission to accept plaintiff's claim, and as to whether proceedings on that claim had been finally terminated.

However, no bill of exceptions has been brought to this court, and the affidavits are not properly before us. The affidavits are not a part of the judgment roll (ORS 18.330 (1)), nor are they part of the pleadings so as to be incorporated in the transcript (ORS 16.030, 19.090). They are merely a species of evidence submitted to the trial court, just as oral testimony would have been (ORS 45.010, 45.120). We have held that affidavits in the trial court may not be considered on appeal unless made a part of a bill of exceptions. *State v. Reyes*, 209 Or 550, 305 P2d 1061; *Tellkamp v. McIlvaine*, 184 Or 474, 199 P2d 246.

Defendants in their brief concede that the question they seek to present is one of fact. In view of the conflict in the affidavits, even were we to consider them, we could not say that the trial court abused its discretion in denying the motion, and the order must be affirmed.