Argued April 8, affirmed May 13, 1959

STATE OF OREGON *v.* RODEN

339 P. 2d 438

*Wm. D. Miller*, Salem, argued the cause and filed a brief for appellant.

*Thomas W. Hansen*, Deputy District Attorney for Marion county, Salem, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL and CRAWFORD, Justices.

McALLISTER, C. J.

The defendant, Patrick L. Roden, was accused in the circuit court for Marion county of the crime of unlawfully obtaining public assistance (ORS 411.630) and entered a plea of not guilty. The jury returned a unanimous verdict of guilty and defendant was sentenced to imprisonment in the penitentiary for a term not exceeding three years, from which judgment he appeals.

The only error assigned by defendant is the denial of his motion for a mistrial based on the alleged misconduct of a juror.

The trial commenced on March 24, 1958 and the case was submitted to the jury before noon on the following day. It appears from the bill of exceptions that at 1:30 p. m. on March 25th, while the jury was still deliberating, counsel for defendant moved for a mistrial in chambers, as follows:

"MR. MILLER: If it please the court, at this time I would like to move for a mistrial in the case of the State of Oregon versus Patrick Roden. I move for a mistrial on the ground that one of the chief witnesses for the State, Mrs. Fowler, was conversing with one of the jurors by the name of Rena

Bush last night, she being Juror No. 10 in this case. (Discussion between court and counsel)

"THE COURT: I will deny the motion as of this time. If you wish to raise it later you may do so.

"MR. MILLER: I will file a written motion, supported by my affidavit, if the jury comes in with a guilty verdict.

"THE COURT: Very well."

We could well dispose of this case on the ground that the motion for a mistrial was not made promptly. It appears that the juror and a witness carried on some conversation as they left the courthouse after court adjourned for the day on March 24, 1958. This conduct was observed by defendant and his counsel. Defendant did not call the matter to the attention of the court the following morning, but without objection allowed the trial to proceed and the issue of his guilt or innocence to be submitted to the jury. It is well settled that a party who learns of the misconduct of a juror during the trial may not keep silent and take advantage of it in the event of an adverse verdict. See *Tucker v. Flouring Mills Co.,* 13 Or 28, 34; *Osmun v. Winters,* 30 Or 177, 190, 46 P 780; *Hooton v. Jarman Chevrolet Co.,* 135 Or 269, 278, 293 P 604, 296 P 36; and *Mitchell v. Bruening,* 139 Or 244, 254, 9 P2d 811.

After the jury brought in a verdict of guilty, the defendant filed a written motion for a mistrial supported by the affidavit of his counsel. This motion and affidavit were not made a part of the bill of exceptions and are not properly before us. See *Tellkamp v. McIlvaine,* 184 Or 474, 199 P2d 246 and *Edvalson v. Swick,* 190 Or 473, 227 P2d 183.

Assuming *in favorem libertatis* that the question is properly before us, we are satisfied that the trial

court did not err in denying the motion for a mistrial. The record indicates that the juror and witness came together without design and that the conversation took place as they walked out of the courthouse to the street corner where they separated and went their respective ways. After the conversation was called to his attention, the trial judge investigated and satisfied himself that the juror and witness had not discussed the case and that the defendant had not been prejudiced. In *Tucker v. Flouring Mills Co.*, supra, this court said, at page 34:

"* * * A jury trial would be a miserable farce if the jurors were permitted to be tampered with in any manner whatever. Such trials should be kept entirely free from all suspicion that influences of that character had been exercised to any extent. The granting of a new trial, however, in such a case, is a matter addressed to the discretion of a trial judge, and his decision cannot be reviewed by this court, unless there has been an abuse of discretion; and we cannot reasonably conclude that there was any such abuse in this case. The circuit judge was in a much better situation than this court is to determine the question. He understood better the circumstances under which the conversation took place in the presence of the juror, the nature of it, and its effect upon the case."

For other cases holding that the granting of a mistrial or a new trial on account of the misconduct of a juror is within the sound discretion of the trial judge, see *Mount v. Welsh et al.*, 118 Or 568, 583, 247 P 815; *Egli v. Hutton et al.*, 135 Or 175, 179, 294 P 347 and *Burnett v. Weinstein*, 154 Or 308, 315, 59 P2d 258. There was no abuse of discretion in this case.

Affirmed.