Argued August 24, reversed and remanded September 28, 1972

STATE OF OREGON, *Respondent, v.*
RAMON BRUCE MILLER
(No. 71 4215), *Appellant.*
501 P2d 326

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C.J.

The defendant was convicted upon trial by jury of possession of narcotics. During the course of the trial, due first to illness of a juror, and then to illness of the trial judge, there was an eight-day recess. When trial resumed after the recess the defendant moved for a mistrial, asserting as one of his grounds that at least three of the jurors had been utilized as jurors in another case during the recess. In connection with the motion, he introduced evidence that during the recess these jurors sat on a sale-of-narcotics prosecution which ended in a mistrial after the testimony of the state's first witness. The motion for mistrial was denied.

On appeal, counsel for defendant has offered no authority in support of his position except ORS 17.225, which states:

"If, after the formation of the jury, and before verdict, a juror becomes sick, so as to be unable to perform his duty, the court may order him to be discharged. In that case, unless an alternate juror, seated under ORS 17.190, is available to replace the discharged juror or unless the parties agree to proceed with the remaining jurors, a new juror may be sworn, and the trial begin anew; or the jury may be discharged, and a new jury then or afterwards formed."

The state has cited to us only *State v. Stigers,* 122 Or 113, 256 P 649 (1927), and *State v. Dixon,* 92 Adv Sh 155, 5 Or App 113, 481 P2d 629, Sup Ct *review denied* (1971). We do not believe that *State v. Dixon,* supra, is sufficiently analogous to have any relevance. In *State v. Stigers,* supra, the court held only that under the statutes then in force, the fact that a prospective juror previously sat as a juror in the trial of the defendant's accomplice was not ground for disqualification as a matter of law, but did open the door for inquiry as to whether he was disqualified for bias as a matter of fact.[1]

Historically, English courts did not permit jurors who had been sworn and charged with a cause to separate before they had agreed on a verdict. 53 Am Jur 626, Trial § 862. This practice has been modified by statute. Oregon law currently provides:

> "The jurors may be kept together in charge of a proper officer, or may, in the discretion of the court, at any time before the submission of the cause to them, be permitted to separate; in either case they may be admonished by the court that it is their duty not to converse with any other person, or among themselves, on any subject connected with the trial, or to express any opinion thereon, until the case is finally submitted to them." ORS 17.220.

■ ■ Voir dire is a statutorily authorized and important part of jury trial. ORS 17.160 provides for the questioning of jurors as to their qualifications by

---

[1] Weeks v. Lyndon, 54 Vt 638, 647 (1881), held that it was error to allow a juror to serve on a second trial turning on an issue identical to the issue in the recessed trial. However, in that opinion the court flatly states that this fact would have disqualified the juror if it had occurred prior to the beginning of the trial in the case at bar. It is silent as to whether this disqualification would be pursuant to statute or otherwise.

plaintiff and defendant. ORS 17.155 and ORS 136.230 authorize defendants in criminal cases 12 peremptory challenges in certain instances, and six otherwise. We need not elaborate on the fact that inquiry into a prospective juror's previous experience in litigation as party, witness or juror is generally considered an important part of voir dire, relevant both to challenges for cause and peremptory challenges. It is ordinarily the rule that once a jury has been sworn, counsel can make no subsequent inquiry into whether extraneous events in a juror's life during the course of trial have affected his objectivity. Generally, no prejudice will result from this rule because jurors are normally given cautionary instructions, and if they follow these instructions they are not too likely to be exposed, during periods when they are separated, to matters which would affect their basic qualifications as jurors. Here, however, we are dealing with a situation in which three of the jurors, after being sworn, were thrust into an activity well recognized as the subject of legitimate voir dire inquiry because of the strong possibility that such activity might create bias, subconscious or otherwise. Defendant's trial counsel put it well when he stated in the course of argument on the motion for mistrial:

> "What I am trying to do is to say if the jury had had this same appearance prior to the time they were empaneled and sworn to try this case, we could have inquired into the reaction to that experience and, based upon the answers we obtain, the defendant is in a position to protect himself and to exercise his rights both to challenge for cause and to challenge under his peremptory challenge."

■ Recognizing that the separation of a jury before submission of a cause is, in effect, in derogation of the

common law, we do not think that the statutory scheme for the selection and utilization of jurors contemplated that jurors be required to serve on more than one case at a time. We conclude the motion for a mistrial should have been granted.[2]

Defendant makes two other assignments of error. One has no merit, and the event which gave rise to the other was such that it undoubtedly will not recur if there is a new trial.

Reversed and remanded.

FOLEY, J., dissenting.

ORS 17.220, set out in full in the majority opinion, provides for the separation of jurors during a trial. This statute has remained the same, in identical language, for over 100 years.[1] Had the legislature at any time have desired to enlarge the prohibitions on jurors' activities during recesses it could have done so. It did not.[2]

---

[2] We recognize the trial court's desire to make efficient use of jury time. However, in this type of situation, authorization of such use of jurors' time during a recess would have to be counterbalanced by a second interrogation of some of the jurors. This might well place counsel in an awkward position; clearly, the outcome would be uncertain, and a substantial expenditure of time in this process would be required by court, counsel and jurors.

Furthermore, it is difficult enough for lawyers and judges to "keep their cases separate" when they are working on more than one simultaneously, and it would seem to be too great a burden to place upon lay jurors.

[1] Deady, General Laws of Oregon 1845-1864, Code of Civil Procedure, ch 2, p 188.

[2] As one court put it:

"* * * [T]he short service upon the second jury by these two jurors no more disqualified them than attention to business or indulgence in various forms of amusement would have disqualified the other ten." Cissel, Talbot & Co. v. Hayden, 41 App DC 477 (1914).

Allowance of a mistrial is normally discretionary with the trial court. At the very least, a jury trial conviction such as is involved here should not be set aside without some showing of prejudice to the defendant. No showing of actual prejudice was made here.