Argued and submitted August 10, reversed and remanded
for new trial November 23, 1981

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL D. MAPEL,
*Appellant.*

## (No. 80-11 C, CA A20578)

636 P2d 445

Lauren S. Holland, Eugene, argued the cause for appellant. With her on the brief were Jagger & Holland, Eugene.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was convicted after jury trial of delivering marijuana in violation of ORS 475.992. He appeals assigning the following errors:

1) Denying his motion for mistrial on account of alleged misconduct by three jurors in that they attended a drug education seminar during the trial at which the prosecutor and one state's witness, a deputy sheriff, were lecturers.

2) Denying his motion for a judgment of acquittal based on insufficiency of the state's evidence.

3) Overruling his objection to testimony of a state's witness concerning a prior marijuana transaction.

4) Sustaining the state's objection to testimony of a defense witness concerning her prior drug activity and conditions of her own probation requiring her to submit to polygraph examination and to testify for the state.

■ We conclude that the attendance by the three jurors during the trial at a drug education seminar, at which the district attorney as well as one of the state's witnesses in the case, a deputy sheriff, lectured operated to deny defendant a fair trial. This was tantamount to an impermissible *ex parte* contact between the prosecution and the jury. Additionally, the evidence was that a juror who attended the lecture brought to the jury room both a booklet and a book on marijuana she had been given at the seminar. The cumulative effect was impermissibly prejudicial by any reasonable standard. *See State v. Miller,* 10 Or App 636, 501 P2d 326 (1972); *see also* Annot., 9 ALR 3d 1275 (1966). As our Supreme Court said in *State v. Kristich,* 226 Or 240, 252, 359 P2d 1106 (1961):

> "In a felony case, particularly where the penalty, as here, can be of long duration, the greatest of care should be exercised to obtain a fair trial * * *. A court cannot attempt to speculate by some method of mind reading to know whether the [bailiff's] conduct actually influenced the mental process of any of the jurors * * *. When we are in doubt the issue should be resolved in favor of the accused."

■ We do not agree with the state that defendant waived a mistrial claim by not moving for a mistrial during *voir dire* and prior to commencement of trial. Before trial the information available to defense counsel concerning the upcoming seminar was sketchy and incomplete. It was not until the second trial day that defendant learned that the district attorney and deputy sheriff had been lecturers at the seminar and that three of the jurors had attended. It was not until still later that defendant learned that the foreman of the jury had brought to the jury room some of the literature on marijuana that had been distributed at the seminar. Under all the facts we conclude that defendant did not wait too long in this case. *Cf. State v. Roden,* 216 Or 369, 339 P2d 438 (1959); *State v. Thompson,* 22 Or App 146, 538 P2d 78, *rev den* (1975).

■ In view of our disposition of this case on defendant's first assignment of error, we need consider only one of defendant's remaining assignments, that is, that the evidence was insufficient to convict. The evidence was sufficient.

Reversed and remanded for new trial.